## JULIA PROETZEL V. FRITZE SCHROEDER.

### No. 3419.

1. **Purchase of Community from Surviving Husband.** — It is a well recognized rule in this State, that a purchaser from the husband, of the community property, after the death of the wife, must establish some equitable defense or ground in order to defeat the claim of the heirs of the wife to their interest in one-half of the community, which vested in them at her death.   Edwards v. Brown, 68 Texas, 335.

2. **Contract Between Husband and Wife.** — Husband and wife and their two sons, both of age, executed an instrument, which was duly recorded June, 1858.   By its terms a tract of 100 acres of land and some stock and personal property were conveyed by Jacob Schroeder to the two sons in consideration of services rendered by them to him, they agreeing not to make any charges against him for services rendered during his lifetime, "reserving, however, their rights as his heirs after his decease."   The instrument further recited, that to provide for his wife's separate maintenance during her life, "he conveyed 100 head of cattle and one-half of his horses, one wagon and oxen, the said property to pass to his sons on her decease."   The mother and sons agreeing, she "takes the said property set over to her for her maintenance during her life and will not claim any other property of said Jacob, renouncing all her community, giving to her husband full power and authority to sell and convey or in any manner dispose of all the community," etc.   The community property at the time was worth $12,000.  Less than one-sixth thereof was given the wife.   After the death of the wife the husband sold the lot in controversy.   One of the sons had died, leaving no wife or child.   The survivor brought suit against his father's vendee for his mother's half-interest and for partition.   *Held:*

1.   That the contract was void as between the husband and wife.

2.   That as a power to sell, if it ever had any validity, it expired at death of the wife.

3.   That the son was not estopped to assert title in right of his mother.   The grant to him was upon consideration of his services, and there was no consideration for any value of his mother's estate.

APPEAL from Harris.   Tried below before Hon. JAMES MASTERSON. The opinion states the case.

*W. P. Hamblen*, for appellant. — 1.   The legal title being in Jacob Schroeder on the 1st day of June, 1869, the date of his deed to August Proetzel, and August Proetzel having purchased without notice and for valuable consideration, he and his devisee are protected against the claim of the heirs of Dorothea Schroeder, deceased.   Johnson v. Newman, 43 Texas, 628; Veramendi v. Hutchins, 56 Texas, 414; Moody v. Smoot, 78 Texas, 119.

2.   While the agreement entered into by Jacob, Dorothea, Fritze, and Heinrich Schroeder, dated April 9, 1858, might not be binding on Dorothea Schroeder, wife of Jacob Schroeder, yet it containing a power of sale to Jacob Schroeder; and the appellant having acted under the agreement and taken the property of Dorothea Schroeder, under its terms, at her death, and also having taken the fifty acres belonging to

the brother, Heinrich, of the 100 acres in the agreement conveyed, and acquiesced in the same for over twenty-one years, he is estopped from setting up its invalidity and denying its binding effect on him after Jacob Schroeder had sold to another in good faith, and twenty-one years after his mother died. Parker v. Campbell, 21 Texas, 763; Johnson v. Newman, 43 Texas, 628; Breckenridge v. Howth, 64 Texas, 190.

3. Estoppel is available under plea of not guilty where title to land is in controversy. Meyer v. Ramsey, 46 Texas, 371; 50 Texas, 41; Scarborough v. Alcorn, 74 Texas, 358; McDow v. Robb, 56 Texas, 154.

*W. H. Crank* and *Henry F. Fisher*, for appellee.—1. There is no allegation in the answer of appellant of innocent purchaser, and not a scintilla of proof showing that appellant's devisor purchased without notice of the rights of appellee or for valuable consideration. The contract between Jacob Schroeder and his wife and sons was of record at the time of the purchase by appellant, and had been of record many years before, and it was admitted that the property in controversy was community property of the parents of appellee prior to the 9th of April, 1858, and the purchaser from Jacob Schroeder was chargeable with notice of the rights of appellee. Mitchell v. Marr, 26 Texas, 331, 332; Cooke v. Bremond, 27 Texas, 460; Johnson v. Harrison, 48 Texas, 268; Gaston & Thomas v. Dashiel, 55 Texas, 516, 517; Ins. Co. v. Hutchins, 53 Texas, 61.

2. There can be no question of estoppel. The pretended contract between Jacob and Dorothea was void and did not bind her, and after her death her children were entitled to her interest in the community. Said agreement being void and being of record, was notice to the purchaser from Jacob Schroeder. The mere silence of appellee during his father's lifetime, and the other acts set out in appellant's proposition, could not be construed into acquiescence and could not work an estoppel. Bige. on Estop., pp. 655, 437; Page v. Arnim, 29 Texas, 70; Burleson v. Burleson, 28 Texas, 415; Scoby v. Sewall, 28 Texas, 730; Tucker v. Smith, 68 Texas, 472; Steed v. Petty, 65 Texas, 495.

HOBBY, PRESIDING JUDGE, *Section A.*—This is an action of trespass to try title to and for partition of the land described in the petition. It was instituted on December 19, 1890, in the District Court of Harris County by the appellee, Fritze Schroeder, against the appellant, Julia Proetzel. The cause was tried at the October term, 1891, by the District Judge without a jury. Judgment was rendered for the plaintiff below, and commissioners were appointed to partition the land. This appeal is from that judgment, being prosecuted by the defendant, Julia Proetzel.

It was agreed between the parties, that the land which is the subject matter of this suit was, prior to the 9th day of April, 1858, a part

of the community property of Jacob Schroeder and his wife Dorothea. They were the parents of appellee, and died in 1887 and 1863, respectively. Appellee is their only son and heir; another son, Heinrich Schroeder, having died in 1862.

Appellant introduced in evidence a deed from Jacob Schroeder to August Proetzel, dated June 1, 1869, conveying the land for a consideration as therein recited of $350. It was admitted that the appellant was the devisee of said Proetzel. There was no proof that the sale by the husband was made to pay community debts; nor were there any facts tending to support the presumption that such debts existed. And there was no evidence of the payment of a valuable consideration for the land by appellant.

This state of facts brings this case, then, within the well recognized rule in this State, that the purchaser from the husband of the community property, after the death of the wife, must establish some equitable defense or ground in order to defeat the claim of the heirs of the wife to their community interest in one-half of the community property, which vested in them at her death. Johnson v. Harrison, 48 Texas, 261, and cases cited; Edwards and Wife v. Brown, 68 Texas, 335. In the last mentioned case this question and others incidental to it were discussed by Judge Gaines in an opinion which reviewed at some length the former authorities in our State; the effect of which was to remove much of the confusion that had grown out of dicta and general expressions contained in some of these authorities.

The appellant introduced in evidence a contract entered into between Jacob Schroeder and his wife and their two sons (appellee and Heinrich Schroeder), the latter two being of age. This contract was dated in April, 1858, and was recorded in Harris County, in June, 1858. By its terms a tract of land of 100 acres and some stock and personal property were conveyed by Jacob Schroeder to them in consideration of services rendered by them to him; they agreeing not to make any charges against him for services rendered during his lifetime, "reserving, however, their rights as his heirs after his decease." This instrument further recited, that to provide for his wife's "separate maintenance during her natural life," he conveyed 100 head of cattle, one-half of his horses, one wagon and oxen, the said property "to pass to his sons on her decease." The mother and sons agreeing that she "takes the said property set over to her for her maintenance during her life, and will not claim any of the other property of the said Jacob Schroeder reserved to himself; "that she hereby renounces for herself all community property to which she may be entitled under the laws of this State, and hereby gives to the said Jacob Schroeder full power and authority to sell and convey or in any manner dispose of all the community, real, personal, or mixed, which he now possesses or may hereafter acquire."

The appellee testified, that "the community estate of his father and mother was worth $12,000 at that time, and that his mother did not receive one-sixth of it. In whatever light this instrument may be considered, whether as a post nuptial contract, a release, or as operating by way of estoppel, it is, we think, inoperative and invalid as to appellee. Contracts of the class mentioned did not receive the sanction of the common law, but were in some cases enforced by the courts of chancery, "when they stood upon principles of equity and appealed to the conscience of the court." Ximines v. Smith, 39 Texas, 52. For the convenience and interest of families they have been enforced when fairly and honestly made. "When feigned or inequitable they should be defeated." The comparative value of the estate conveyed to the wife by the husband with that released by her will be considered in determining its validity. 1 Bish. on Mar. Wom., secs. 724, 725, note 4, p. 724.

The proof in the case shows that the contract or agreement was a practical release or surrender by the wife to the husband of five-sixths of her estate or interest in the community without any consideration whatever. It can not therefore appeal to the court for enforcement on any equitable grounds. Our statute (Rev. Stats., art. 2847) provides, that "parties intending to enter into the marriage state may make or enter into such stipulations as they please, provided they are not contrary to good morals or some rule of law; and in no case shall they enter into any agreement or make any renunciation the object of which would be to alter the legal order of descent, either in respect to themselves or in what concerns the inheritance of their children," etc. The statute does not in express terms include nuptial contracts.

But there is better and stronger reason why the same principle which would prevent those entering into marital relations from making a contract or agreement that would have the effect the law seeks to guard against, should render invalid a contract made after such relations were contracted by the parties. In contemplation of law, the wife is then under the dominion and control of her husband. This instrument, in so far as it sought to deprive Mrs. Schroeder of her community property, and to exclude appellee from his right of inheritance from his mother, is absolutely void. It can not be construed as a valid conveyance or release by appellee himself of his right and title to the community property of his mother.

In the case of Needles' Executor v. Needles, 7 Ohio State, 442, a well considered case, in some of its features analogous to the present, and involving the question of the validity of a release by an heir of an inheritable interest, it was held, after a full discussion of the principles applicable to the conveyance by an heir of such contingent and expectant interests, that where there is a *present* existing right, although to take effect in the future and on a contingency, it may be released.

But in a case of a mere possibility, which is termed in law, by Chancellor Kent, a "possibility on a possibility," there is no right in being which can be the subject matter of release.    It is not necessary for us to decide this question; and however this may be, there was no valid conveyance by appellee of his interest in the community, for other reasons.    It was without consideration as to him.    The property conveyed to him was declared to be in consideration of services rendered by him to his father during his lifetime.

It does not purport to be a gift or advancement by the father out of his estate in lieu of appellee's interest in his mother's.    If it was void as to her, at her death her right and title to the community property remained in full vigor, and thus unimpaired was transmitted by the laws of inheritance to her son, the appellee.    This was in 1863.    In 1869 the husband conveyed the property.    He could not have done this by virtue of a contract or agreement which was, as we have said, void as to Mrs. Schroeder.    He could not have acted under the authority of this agreement, merely as a power to sell or convey; because, if it was not void, as before explained, in so far as it affected his wife, her death revoked any such power.

That Jacob Schroeder had full power of disposition of the community property prior to her death, and subsequently in the manner prescribed by law, is not questioned.    He had no power conferred by the agreement, however; and it is not made to appear that he conveyed it in payment for community debts, or for any other purpose recognized by law as being sufficient to vest title in the vendee as against appellee.

It is claimed by appellant's counsel, that while this contract may not be binding on Mrs. Dorothea Schroeder, yet containing as it does a power of sale to Jacob Schroeder, and appellee having acted under it and taken the property of Dorothea Schroeder under it at her death, and acquiesced in it, etc., he is estopped from denying it.    It is proper to remark here (in view of the contention of appellee's counsel that this was not pleaded), that the rule is so familiar, to the effect that it may be established under the plea of not guilty, that the citation of authority in support of this rule is not expected.

The land and a small amount of personal property appellee received in consideration of services rendered to his father.    He received from his mother's estate, valued at $6000, ten head of cattle and one yoke of oxen.    It is not shown that he received this in satisfaction of his claim on or interest in her community property.    This and much more he would have received under the law as her heir.

The contract was void and not binding on his mother as to her community rights.    There is nothing in it which could affect him by way of estoppel as to his rights as her heir in the community, because in that respect it is void.    To operate in the nature of an estoppel, and

preclude appellee from asserting his right, it must bind his interest, which a void instrument can not do.

There is nothing in the facts disclosed by this record that would preclude the appellee from a recovery upon any principle of estoppel. As between appellee and his father, it is clear, we think, that he would be entitled to recover his share of the community interest of his mother. If the appellant is in any better position to defeat his claim than Jacob Schroeder would be, it is not shown. Neither she nor her vendor was a purchaser for value. Nor has she attempted to establish an equitable defense of any character.

We see no error in the judgment, and think it ought to be affirmed.

*Affirmed.*