CALLIE R. KELLETT v. WILLIAM M. KELLETT.

Decided May 9, 1900.

**1. Husband and Wife—Changing Separate Into Community Property.**

A married woman may make a gift of her separate real estate to her husband by joining with him in a conveyance to a third party, who reconveys to the husband; but they can not, by such arrangement, convert it into community property.

**2. Same—Deed Construed.**

A deed to the wife's separate property, by the husband and wife, for the expressed purpose of divesting her separate estate and enabling each to "have and enjoy an equal, undivided, community interest," to the end that it might be "community property," and to avoid "keeping separate accounts,"—which conveyed the property in trust "for the purpose of conveying the same to" the husband "as the community property" of himself and wife, and in pursuance of which it was reconveyed by the trustee to the husband, to be "the community property" of the husband and wife, —could neither be given the effect of a deed of gift of the land to the husband nor operate to convert it into community property; the transaction was ineffective for any purpose, and the deeds should be canceled.

APPEAL from McLennan, Fifty-fourth District. Tried below before Hon. SAM R. SCOTT.

*Wm. L. Prather* and *Clark & Bolinger,* for appellant.

*A. C. Prendergast* and *L. W. Campbell,* for appellee.

KEY, ASSOCIATE JUSTICE.—Originally this suit had two objects, one to dissolve the bonds of matrimony existing between the parties, and

the other to determine their property rights. The litigation was begun by the wife, who sought a divorce and also cancellation of two deeds hereinafter set out.

The defendant filed a cross-bill, praying for a divorce and denying the allegations of the plaintiff's petition as to the invalidity of the deeds. He prayed for partition of all the property, claiming that the same was community property between himself and the plaintiff.

There was a nonjury trial resulting in a judgment for the defendant, granting him a divorce, and settling the property rights in accordance with his contention. Being dissatisfied with so much of the judgment as relates to property rights, the plaintiff has appealed and contends that the court below erred in holding that the two deeds referred to were valid and vested title in appellee to one-half of the property therein described. The deeds referred to read as follows:

"The State of Texas, County of McLennan.—Know all men by these presents that we, W. M. Kellett and Callie R. Kellett, husband and wife, in consideration of one dollar from each to the other paid, and for the purpose of divesting the separate estate and title of us and each of us in and to the property, in which each of us shall hereafter own, hold, have and enjoy an equal undivided community interest, to the end that all of the same may stand and be as all other property now owned by us, viz., community property, regardless of in whose name the title thereto may stand, and thereby avoid any future necessity of keeping separate accounts of the increase thereof, of the income therefrom, of the expense of improvements, repairs, insurance, and all other expenses thereon, and that all of the expenses and improvements thereon and all other of our property may be paid and made from a common fund, and all increase, profit, and income of every kind whatsoever from said property hereinafter described shall be and become after this date community property under the laws of the State of Texas, and for the further consideration and purpose of settling all questions now or which may hereafter arise between us, and avoiding any question hereafter between our respective heirs upon the death of either of us, and between the heirs of either of us and the survivor of us, and in consideration of five dollars to us in hand paid by E. Rotan, trustee, for the purposes herein named, have bargained, sold, assigned, transferred, and conveyed, and do by these presents sell, bargain, assign, transfer, and convey unto the said E. Rotan, trustee, the following described property, situated in the city of Waco, county of McLennan, and State of Texas, to wit: Parts of lots 13 and 14 in block No. 7, as shown by the map of the city of Waco, fronting on Third Street. Beginning at a point S. 45 E. 75 feet from the point of intersection of the west line of said Third Street with the south line of the alley running into the S. W. corner of the public square at the S. E. corner of the lot owned by J. C. Walker for the N. E. corner of this lot; thence S. 45 E. 25 feet, to the N. E. corner of a lot owned by M. and A. P. Surratt, for the S. E. corner of this; thence S.

45 W. 100 feet, to the west line of said lot 13; thence N. 45 W. 25 feet, to the N. W. corner of this lot and S. W. corner of J. C. Walker lot; thence N. 45 E. 100 feet, to the place of beginning.

"Lots 1 and 2 and 30 feet off of the N. E. side of lot 3 in block No. 2 of the subdivision of farm lot No. 18, fronting 130 feet on the N. W. side of Austin Street, and running back on the S. W. side of Ninth Street 165 feet, the same being our present homestead on the corner of Austin and Ninth streets in said city of Waco.

"A part of farm lot No. 7, fronting 50 feet on Franklin Street. Beginning on said street, 50 feet from the S. W. corner of the lot deeded by R. B. Killough and wife to Jessie Bond, between Seventh and Sixth streets; thence N. 45 W. 100 feet; thence S. 45 W. 50 feet to James Turnie's east line; thence S. 45 E. 100 feet, to Franklin Street; thence N. 45 E., with said street, 50 feet, to the beginning.

"Lots 1 and 2 in block 11, and lots 9 and 10 in block 10 of the James I. Moore's Edgefield addition to the city of Waco.

"The following certificates in the First National Bank of Waco, Texas, issued to W. M. Kellett, viz: Certificate 111 for 100 shares, issued July 1, 1890; certificate No. 112 for 43 shares, issued July 1, 1890; and certificate No. 283 for 95 shares, aggregating 238 shares in all. Together with all and singular the rights, members, hereditaments, and appurtenances to the same belonging or in anywise incident or appertaining. To have and to hold all and singular the premises and property above mentioned unto the said E. Rotan, his heirs and assigns forever, in trust for the purpose of conveying the same to the said W. M. Kellett as the community property of the said W. M. Kellett and Callie R. Kellett, and we do hereby bind ourselves, our heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said E. Rotan, trustee, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands, the 22d day of January, A. D. 1897.

"WM. M. KELLETT,
"CALLIE R. KELLETT."

"The State of Texas, County of McLennan.—Know all men by these presents that I, E. Rotan, trustee, of said county and State, for and in consideration of $10 to me in hand paid by William M. Kellett, and in further consideration of and for the purpose of carrying into effect the object and purpose of the conveyance to me by said William M. Kellett and wife Callie R. Kellett, dated January 22, 1897, of the hereinafter described property, and under and by virtue of the power to me in said conveyance given, and in obedience and compliance therewith have bargained, sold, assigned, transferred, and conveyed, and by these presents do bargain, sell, assign, transfer, and convey unto the said William M. Kellett the following described property, situated in the city of Waco, and county of McLennan, and State of Texas, viz:

"Parts of lots 13 and 14 in block No. 7, as shown by the map of the city of Waco, fronting on Third Street. Beginning at a point S. 45 E. 75 feet from the point of intersection of the west line of said Third Street with the south line of the alley running into the S. W. corner of the public square at the S. E. corner of the lot owned by J. C. Walker for the N. E. corner of this lot; thence S. 45 E. 25 feet to the N. E. corner of a lot owned by M. and A. P. Surratt for the S. E. corner of this; thence S. 45 W. 100 feet to the west line of said lot 13; thence N. 45 W. 25 feet to the N. W. corner of this lot and S. W. corner of the J. C. Walker lot; thence N. 45 E. 100 feet to the place of beginning.

"Lots 1 and 2 and 30 feet off of the N. E. side of lot 3 in block No. 2 of the subdivision of farm lot No. 18, fronting 130 feet on the N. W. side of Austin Street and running back on the S. W. side of Ninth Street 165 feet, the same being our present homestead on the corner of Austin and Ninth streets in said city of Waco.

"A part of farm lot No. 7, fronting 50 feet on Franklin Street. Beginning on said street 50 feet from the S. W. corner of the lot deed by R. B. Killough and wife to Jessie Bond, between Seventh and Eighth streets; thence N. 45 W. 100 feet; thence S. 45 W. 50 feet to James Turnie's east line; thence S. 45 E. 100 feet to Franklin Street; thence N. 45 E. with said street 50 feet to the beginning.

"Lots 1 and 2 in block 11, and lots 9 and 10 in block 10 of the James I. Moore Edgefield addition to the city of Waco.

"The following certificates of stock in the First National Bank of Waco, Texas, issued to W. M. Kellett, viz: Certificate No. 111 for 100 shares, issued July 1, 1890; certificate No. 112 for 43 shares, issued July 1, 1890, and certificate No. 283 for 95 shares, aggregating 238 shares in all. All of which is and shall be the community property of said William M. Kellett and his said wife, Callie R. Kellett, under the laws of the State of Texas, together with all and singular the rights, members, hereditaments, and appurtenances to the same belonging or in anywise incident or appertaining. To have and to hold all and singular the premises and property above mentioned unto the said William M. Kellett, as such community property, his heirs and assigns forever.

"Witness my hand this January 23, 1897.'

"E. ROTAN, Trustee."

These instruments were both duly acknowledged by the respective grantors in the manner prescribed by statute, and were duly recorded in McLennan County.

It was admitted by the parties that the property described in the deeds, with the exception of some of the bank stock, was, prior to the execution of the deeds, the separate property of Mrs. Kellett, the appellant.

It is now settled law in this State that a married woman may make a gift of her separate real estate to her husband by joining with him in the conveyance to a third party, complying fully with the law as to

privy examination and acknowledgment, and then causing such third party to reconvey the land to the husband. Riley v. Wilson, 86 Texas, 240. However, counsel for appellant contend that the instruments set out above, though containing all the essential elements of deeds, were not intended by the parties as a gift conveyance, but rather as a scheme or arrangement consummating an agreement by which the status of Mrs. Kellett's property should be changed from separate to community estate.

If this contention is correct and such was the purpose for which these instruments were excuted, then they are invalid and vest no title in appellee. Cox v. Miller, 54 Texas, 25. In the case cited it was contended that by agreement between the husband and wife half of the profits of the mercantile business should become the separate property of the wife. In denying the result contended for, the court said:

"Such an assumption can not be maintained. It is directly in conflict with and subversive of the law regulating marital rights in this State. It is not pretended that there was a marriage contract between these parties in writing, acknowledged and recorded as required by the statute, as must have been the case to give effect to such an agreement if made at the time of the marriage. And certainly no mere agreement or understanding made between them afterwards could change their property rights as husband and wife to that of partners in a mercantile business, or convert community property into separate property of the wife. What we mean to say is, that, by a mere agreement between husband and wife, they can not change the character and nature of their rights and interest in property owned and acquired by them from that prescribed by law." See also Green v. Ferguson, 62 Texas, 529; Proetzel v. Schroeder, 83 Texas, 684.

After a careful consideration of the instruments referred to, we are of the opinion that they were not executed for the purpose of making a gift by the wife to the husband, but were intended to change the status of the wife's separate property, and convert it into community property between herself and husband. Under the statutes of this State, all property of either husband or wife acquired after marriage by gift, devise, or descent, constitutes the separate property of such spouse, in contradistinction to the community property belonging to both. Therefore, if the instruments under consideration are to operate as deeds and vest title in appellee, the property described in the instruments became the separate property of the husband. This would result by force of the statute, and the parties could not prevent it by any agreement they might make.

Considering all of the terms of these two instruments, we think it is manifest that the intention was to change the wife's separate property so as to render the same community property between her husband and herself. That they were not intended to operate as a gift to the husband, thereby rendering the property his separate estate, is rendered certain by the recitals contained in the first instrument, wherein it is expressly stated that the purpose is to convert separate into community

estate, in order to avoid the necessity of keeping separate accounts, etc. And this purpose is again emphasized in the concluding portion of the same instrument by the language: "To have and to hold all and singular the premises and property above mentioned, unto the said E. Rotan, his heirs and assigns forever, in trust for the purpose of conveying the same to the said William M. Kellett, as the community property of the said W. M. Kellett and Callie R. Kellett." The same purpose is manifested in the deed executed by Rotan, the trustee, reciting a consideration of $10 and "in further consideration of and for the purpose of carrying into effect the object and purpose of the conveyance to me by said William M. Kellett and his wife, Callie R. Kellett;" and the further stipulation at the conclusion of the deed: "All of which is and shall be the community property of said William M. Kellett and his said wife, Callie R. Kellett, under the laws of the State of Texas, together with all and singular the rights, members, hereditaments, and appurtenances to the same belonging or in anywise incident or appertaining. To have and to hold all and singular the premises and property above mentioned unto the said William M. Kellett, as such community property, his heirs and assigns forever."

If these instruments are not to be treated as an agreement converting the wife's separate estate into community property, then they must be held to constitute a deed of gift from the wife to the husband, conveying, not a half interest, but the entire estate, which embraces all of the property owned by the wife, including her homestead. The strained relations existing between them at the time, as disclosed by the testimony, as well as stipulations contained in the instruments, render it certain that Mrs. Kellett did not intend that the instruments should have such effect; nor have they been so construed by appellee, because he asserts title to only an undivided half interest in the property. In other words, his contention is that the instruments referred to accomplished the purpose for which they were executed, and converted the separate property of the wife into community property between herself and husband. This, in our opinion, could not be done by any instruments which the parties might execute, whether in the form of deeds or otherwise.

We think the court erred in not canceling the instruments referred to, and adjudging the real estate therein described to appellant in her separate right. However, as there is some community property to be partitioned, and probably some other matters about which additional proof should be heard, we deem it proper to remand the case to the court below, with instructions to adjudicate the rights of the parties in accordance with this opinion.

So much of the judgment as grants the divorce is affirmed; and in other respects the judgment is reversed with instructions to the District Court to enter a decree canceling the two deeds referred to and awarding to appellant the real estate therein described, and so much of the personal property as the testimony may show was her separate property

at the time the instruments were executed,—to hear such other proof as may be necessary to enter a decree in conformity with the agreement of the parties on file in reference to partition, alimony, and costs.

*Affirmed in part and reversed and remanded in part.*

Application for writ of error was dismissed.