### VERSYP v. VERSYP.

(Court of Civil Appeals of Texas. El Paso. April 11, 1912.)

1. JUDGMENT (§ 250*)—CONFORMITY TO PLEADING AND PROOF.

In an action involving the rights of a husband and wife under a contract, made after their separation, by which they divided their property, where the husband does not plead a mutual mistake, but merely alleges that the contract was executed by him under the belief that the wife had a half interest in the property, the court is not authorized to annul the contract on the ground of mutual mistake.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 436; Dec. Dig. § 250.*]

2. HUSBAND AND WIFE (§ 279*)—SEPARATION AGREEMENT—EVIDENCE—WEIGHT AND SUFFICIENCY.

In an action wherein a husband asked the cancellation of a contract between him and his wife by which they divided the property after a separation, on the ground that he executed it under the belief that the wife had a half interest in the property, evidence *held* insufficient to show that such mistake was mutual.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1054, 1056–1060; Dec. Dig. § 279.*]

3. HUSBAND AND WIFE (§ 279*)—SEPARATION AGREEMENT — RELIEF AGAINST MISTAKE— MISTAKES OF LAW OR FACT.

Where a husband, at the time of executing a contract with the wife after separation, by which they divided the property, knew how the property was acquired, but believed it to be community property, instead of his separate property, this belief was a mistake of law, and not of fact; and hence no relief against the contract could be given for such mistake.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1054, 1056–1060; Dec. Dig. § 279.*]

4. HUSBAND AND WIFE (§ 278*)—SEPARATION AND PARTITION AGREEMENTS—ATTACK.

Although, if a contract between a husband and wife after separation, by which they divide the property, is unjust, unfair, or inequitable, it may be annulled, a contract which divided 320 acres of land, which was the husband's separate property, by giving the wife a life estate in 200 acres, subject to the care and maintenance of the children and subject to the payment of an indebtedness of $2,600, is not open to attack by the husband on the ground that it is unfair or inequitable.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1046–1053; Dec. Dig. § 278;* Contracts, Cent. Dig. §§ 515, 517.]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by Clara F. Versyp against James Versyp. From the judgment, plaintiff appeals. Reversed and remanded.

Dallas Scarborough, of Abilene, for appellant. Hill & Hill, of Abilene, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

PETICOLAS, C. J. Clara F. Versyp and James Versyp were married on the 10th day of December, 1889. They lived together until about the 1st day of January, 1910, and on the 12th day of February, 1910, they made and entered into a contract by which all the property belonging to the parties was divided. To establish the rights of appellant under this contract was the purpose of this suit. The court below annulled said contract and set it aside on the ground that it had been made and entered into by mutual mistake. The land in controversy he found to be the separate property of the defendant, James Versyp.

The material portion of defendant's answer was as follows: "Defendant further states that he would not have executed said contract if he had not believed that one-half of said real estate was, under the law, the property of this plaintiff, and that her (plaintiff's) assumption of the indebtedness described in said contract and deed was legal and binding in law on plaintiff to the amounts of money named therein, and that said indebtedness was a legal claim against this plaintiff under said assumption." The material portion of the testimony was as follows: James Versyp testified: "When I signed this contract, I believed that Mrs. Clara Versyp had a half interest in this property. I do not know the law of descent and distribution. At the time I signed this contract I believed that she had a half interest in this property. If I had not so believed, I do not think I would have signed this contract. I wanted to give her what the law allowed her. I did not intend to give her anything only what the law allowed her." The material portion of Clara Versyp's testimony was: "My husband and I separated before this contract was drawn up. He suggested this contract in its present form. He told me what he wanted in the contract. Most of it was written before we came to your [Scarborough's] office. He had you to make some changes. Neither of you told me that I had a half interest. The terms of this contract were agreed upon before we came to your office. It was written according to his dictation after he went to your office. He told me that he did not want any of the children; that, if I would take the children, he would divide just like that paper reads there, if I would pay the $2,600 due the girls." The contract itself recites their marriage, the birth of the children; that they intended to live separate and apart from each other; that they have 320 acres of land; that the personal property shall be divided, naming the portions each was to have; that certain portion of the real estate Mrs. Versyp was to have, and, "in consideration of said Mrs. Clara Versyp receiving the greater portion of the estate, she assumes and agrees to pay off all of the indebtedness due Marie Versyp and Josephine Rogers, and it is further agreed that Mrs.

Versyp shall not sell the same, but that she will retain the entire estate until her death, when the same shall pass to her husband."

The conclusions of fact of the trial court which are material are in substance as follows:

"No. 2. That all of the property involved in this suit and covered by the contract is the separate property of the defendant.

"No. 3. That the contract was executed by each of said parties through a mutual mistake of fact, each of said parties then believing that the property covered by the contract was the community property of the two parties. That, if it had not been so understood by the defendant, he would not have entered into said contract, and that it was executed through an honest mistake of fact on the part of both the plaintiff and the defendant.

"No. 4. That for 10 days prior to the execution of the contract of separation the plaintiff and defendant had occupied the same house together, but had not lived together as man and wife. That it was the agreement between them at the time of the making of said contract that they would permanently separate, and that they have not lived together as man and wife since the execution of the contract." His conclusion of law was that the contract is void, or at least voidable, because entered into through a mutual mistake of fact of the contractual parties, and entered judgment in favor of the defendant, annulling said contract and dissolving a temporary writ of injunction which had theretofore issued.

In the case of Raines v. Wheeler, 76 Tex. 395, 13 S. W. 325, Judge Gaines, speaking for the Supreme Court, says: "All deeds for future separation (between husband and wife) are held to be absolutely void, but where the spouses have already separated, or have determined upon a separation and are in the act of executing it, a conveyance by the husband intended as a provision for the support of the wife will be upheld. * * * By the weight of authority in the American courts, they are held valid in so far as they settle the rights of property between the husband and wife, provided they have been entered into without coercion or other undue influence, and the provisions are just and equitable." See, also, Speer on Married Women, § 91; Moore v. Moore, 28 Tex. Civ. App. 600, 68 S. W. 60.

The appellant assigns error to the admission of the testimony of James Versyp to the effect that at the time he signed the contract he believed his wife owned a half interest in the property, and that, if he had not so believed, he would not have signed the contract, the proposition being advanced that evidence of a mistake of law is not admissible to vary the terms of a written contract. He also assigns as error that the court erred in his third finding of fact, in finding as a fact that the contract in ques-

tion was entered into by plaintiff and defendant by mutual mistake, in that the evidence was not sufficient to support such a finding; and also that the court erred in his third finding of fact that there was a mutual mistake, because the pleadings of defendant do not allege a mutual mistake. We are of opinion that the last three assignments mentioned should be sustained.

[1] To begin with, the defendant in the court below did not plead a mutual mistake. Whether he meant it as a mistake of law or fact, he pleaded it as the mistake alone of James Versyp. With the pleading in this condition, we do not believe the trial court was authorized in annulling the contract on the ground of mutual mistake.

[2] Again, there is no evidence of a mutual mistake, either of law or fact. There is no testimony in this record that Clara Versyp was mistaken at any time. The testimony shows merely that she accepted the agreement proposed by her husband.

[3] It is apparent that the testimony was sufficient to support the finding that James Versyp was mistaken as to his wife's rights, but there is no testimony that this was a mistake of fact on his part. There is no evidence that he was not fully familiar with all the facts in reference to how the property had been acquired; on the contrary, it is shown that he was familiar with all the facts as to how the property had been acquired. Whether he in fact knew or not the law charged him with knowledge that the property was his separate property. There is no evidence of any statements or representations, either by Clara Versyp or her counsel or any other person, tending as a fact to deceive James Versyp. The case is merely one where James Versyp, knowing how the property was acquired, as a legal conclusion believed it to be community property. Our courts do not relieve against such mistakes of law. It is apparent that the merest inquiry on James Versyp's part would have ascertained the true legal status of the property. Having failed to inquire as to the law, and having acted on his erroneous assumption of what the law was, he cannot now be heard to complain, nor can said contract be legally set aside on that ground.

[4] It seems to be an ingredient part of division deeds made after separation that they shall be fair and just and equitable, and we incline to the belief that, if this division contract was unfair, unjust, or inequitable, we might sustain the result reached by the court below, although we believed that he reached it for a wrong reason, but we are relieved from this question, as we conceive the division to be a fair and equitable one. There were 320 acres of land. The wife took all the children, and thereby incurred the care and maintenance of them. She assumed certain indebtedness, in consideration of which she received 200 acres of the land, or rather, probably, a life estate therein.

For the reasons indicated, the cause is reversed and remanded.