## LINK v. LINK.
### No. 2880.

Court of Civil Appeals of Texas. El Paso.
Oct. 5, 1933.

John W. Penn, of El Paso, for appellant.

J. Walker Morrow and Ernest Guinn, both of El Paso, for appellee.

PELPHREY, Chief Justice.

In March, 1931, appellee having filed a suit for divorce against appellant, the parties executed an agreement as to a division of their community property and the custody of their children.

The agreement contained the following provision: "4: It is further agreed by the said R. D. Link, that he will contribute the sum of $50.00 per month towards the support of said minor children for each and every month hereafter, beginning with March, 1931, until said children reach the age of 21 years or until they have married, said payments to continue so long as both or either of said children are minors and remain unmarried, said monthly contributions by said R. D. Link to be due and payable on the 5th day of each and every month hereafter for the preceding month. It being agreed by the parties hereto that said monthly contributions and payments so made shall be first applied to the payment of rent for a place of residence for the said Virginia Link and said two children and then to the payment of light, gas and water bills, and the balance, if any, shall be used exclusively for supplies or clothing for said minor children, or child as the case may be; and the said R. D. Link hereby agrees that if default is made in any payment or payments as herein provided and the services of an attorney are incurred in collecting any of said payments, either with or without suit, he will pay in addition to the amount herein provided, a reasonable attorney's fee for such services."

Appellant made the payments, as above provided, until the 5th day of July, 1932. He paid $27.50 for the months of August and September, 1932, and then refused to make any further payments.

On October 11, 1932, appellee filed her petition alleging that she had been overreached in the agreement made, and prayed that it be set aside and the court make a division of the community property.

On December 3, 1932, she filed an amended petition in which she alleged the execution and breach of the contract and prayed that appellant be required to pay into court a sum of money as a trust fund equivalent to the total of the payments appellant had bound himself to pay under the agreement until August 18, 1935, the date when the

1046

younger of the children would reach the age of 21 years. She also prayed for attorney's fees.

Appellant answered by a general demurrer and a general denial, and further alleged that the portion of the alleged contract relative to the $50 monthly payments by him was not the agreement entered into by the parties and was placed in the agreement through an error of the scrivener or through mistake. He also alleged the contract to be unreasonable, unjust, and unequitable, in that appellee received property of more than twice the value of that received by appellant; that the property was so divided in consideration of the fact that appellee was to care for and maintain the children during their minority; and that it would be unjust and unconscionable to require appellant to again provide for their support. He prayed that the contract be set aside as prayed for by appellee in her original petition.

The trial court instructed the jury to find for appellee the following sums:

$22.50 balance due August 5, 1932;
$22.50 balance due September 5, 1932;
$50 due October 5, 1932;
$50 due November 5, 1932;
$50 due December 5, 1932;
$50 due January 5, 1933;
$50 due February 5, 1933;
$150 as attorney's fee.

The trial court thereupon rendered judgment in favor of appellee for the sum of $295, the same being installments due up to and including November 5, 1932, and $150 attorney's fee.

This appeal is prosecuted from such judgment.

Opinion.

The two questions presented by appellant are: (1) Was the question of whether or not the contract was fair and equitable a proper inquiry in the case? And (2) was the question as to the amount of attorney's fee one of fact which should have been submitted to the jury for its determination?

Appellant contends in connection with the first question that a contract made in contemplation of separation will not be upheld by the courts unless it is fair and equitable, and that the trial court was in error in refusing to permit appellant to inquire into the circumstances surrounding the execution of the contract in question.

Appellee counters with the proposition that the trial court was correct in such refusal because of appellant's failure to plead mutual mistake, accident, or fraud.

■ It appears to be well settled in this state that separation agreements must be fair and equitable in order to be enforced. 15 Tex. Jur. § 183; Proetzel v. Schroeder, 83

Tex. 684, 19 S. W. 292; Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324; Ximines v. Smith, 39 Tex. 50; Wheat v. Wheat (Tex. Civ. App.) 239 S. W. 667; Cox v. Mailander (Tex. Civ. App.) 178 S. W. 1012; Versyp v. Versyp (Tex. Civ. App.) 146 S. W. 705; Id. (Tex. Civ. App.) 159 S. W. 165.

■■ These contracts are subject to cancellation on account of fraud, mutual mistake, duress, and undue influence, as are all other contracts, but also on the ground that they are unfair, unjust, and inequitable. Versyp v. Versyp, supra.

It follows, we think, that appellant's allegations that appellee had been given more than twice as much as he had received and that this division had been made for the purpose of providing for the maintenance of the children were sufficient to raise a question as to the fairness and equality of the agreement upon which appellee based her suit, and that the trial court erred in instructing a verdict for appellee.

The remaining question, in view of the disposition which must be made of the appeal, will probably not arise on another trial and needs no discussion.

The judgment is reversed, and the cause remanded.