## PEVEHOUSE v. LUBBOCK NAT. BANK.

### No. 4258.

Court of Civil Appeals of Texas. Amarillo. Feb. 11, 1935.

Rehearing Denied March 11, 1935.

Bean, Duggan & Evans, of Lubbock, for appellant.

Rob't A. Sowder and Vickers & Campbell, all of Lubbock, for appellee.

JACKSON, Justice.

The appellee instituted this suit in the county court of Lubbock county, Tex., to recover a balance on a note for the sum of $229.50, executed by the appellant on May 9, 1931, and payable to appellee on November 9th thereafter, with interest at the rate of 10 per cent. per annum, together with the 10 per cent. attorney's fees provided for therein. On the same date the appellee had an attachment issued and levied on eleven bales of cotton alleged to be the property of the appellant. The appellee sought a judgment for its debt and a foreclosure of its attachment lien.

The appellant answered by general demurrer and general denial, and alleged that the cotton attached was produced on the west ½ of section 10 in block JS, in Lubbock county, Tex., which was owned by his wife, Mrs. Myrtle Pevehouse, in her own separate right, and that said eleven bales of cotton constituted the rent due her by her tenant for the use and occupancy of said real estate.

By way of cross-action he sought to recover the value of the cotton which had been attached, or, in the alternative, the possession of said cotton.

On a hearing before the court without the intervention of a jury, appellant was denied any recovery on his cross-action, and judgment was rendered for the appellee for the sum of $210.92 principal, interest, and attorney's fees, and the foreclosure of its attachment lien against the cotton, which was ordered sold and the proceeds applied to the judgment, and any excess to be paid to appellant.

It is obvious from the record that appellee was entitled to the personal judgment rendered against appellant, and the question presented for review is whether the court committed error in foreclosing the attachment lien levied on the cotton involved.

For the purpose of showing that the land on which the cotton was produced was the separate property of his wife, appellant introduced the following instrument:

"State of Texas, County of Lubbock

"Know all men by these presents: That I, W. M. Pevehouse of the County of Lubbock, State of Texas, for and in consideration of the sum of Ten ($10.00) Dollars, to me in hand paid by Mrs. Myrtle Pevehouse, together with other valuable considerations, being an agreed division of the real estate we have owned jointly, on condition that the said Mrs. Myrtle Pevehouse relinquish all her rights to the N. W. ¼ of Sec. 22, Blk. X, Lubbock County,

"Have granted, sold and conveyed, and by these presents do grant, sell and convey, unto the said Mrs. Myrtle Pevehouse, of the County of Lubbock, State of Texas, all that certain tract or parcel of land situated in Lubbock County, Texas, and being the West ½ (one-half) of Survey 10; Block J.S, Lubbock County, Texas.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said Mrs. Myrtle Pevehouse, heirs and assigns, forever; and I do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend, all and singular the said premises unto the said Mrs. Myrtle Pevehouse, her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

This was signed and acknowledged by appellant on September 3, 1924, and filed for record August 25, 1931.

The land described was community property, having been acquired after the marriage of appellant and his wife, and they are still maintaining their marital relation.

At the conclusion of the testimony, the trial court held this instrument invalid and inadmissible as evidence. This instrument does not evidence a gift by the husband to the wife, since "gift" means a voluntary transfer of property by one party to another without any consideration. If there is a consideration for the transfer, the rights of the parties to the transaction are contractual and determined by the law of contracts. Kearse v. Kearse et al. (Tex. Com. App.) 276 S. W. 690, 691; Brito v. Slack (Tex. Civ. App.) 25 S.W.(2d) 881. The instrument provides that it is "an agreed division of the real estate we have owned jointly," and, to accomplish such division, appellant attempted to convey to his wife certain land belonging to the community estate "on condition" that she "relinquish all her rights" in certain other land belonging to the community estate. This instrument constituted an agreement between the husband and wife to divide or partition their community property and create therefrom a separate estate for each, which, so long as they continue their marital relation, is not authorized by law.

"The husband and wife cannot, by mere agreement, partition and transfer their community property one to the other, as in this case, and thereby change the class of the estate which the law fixes in each. Cox v. Miller, 54 Tex. 16; Green v. Ferguson, 62 Tex. [525] 529; Proetzel v. Schroeder, 83 Tex. 684, 19 S. W. 292; Kellett v. Kellett, 23 Tex. Civ. App. 571, 56 S. W. 776 (writ denied); Kellett v. Trice, 95 Tex. 160, 66 S. W. 51. Speer's Law of Married Women, §§ 172, 278." McDonald et al. v. Stevenson et ux. (Tex. Civ. App.) 245 S. W. 777, 779.

The appellant complains of the action of the court in excluding certain testimony of himself and wife relative to what transpired between them prior to the execution of the instrument involved, to the effect that it was agreed that appellant would convey to

his wife the property described in the instrument partly as a gift and partly to compensate her for a payment made on the purchase price of the northwest ¼ of section 22, the amount of which is not disclosed, out of money she had inherited from her father.

If, as we have held, the written agreement was invalid because it was an attempt to partition between themselves their community estate, certainly such division of said estate could not be made by a parol agreement. Appellant contends, however, that such oral testimony was admissible to show the true consideration for the instrument, and, if considered, would show such instrument to be valid as a conveyance.

Neither fraud, accident, or mistake is alleged by appellant, and, in the absence of such allegation, parol proof is not admissible to vary, add to, or qualify the contractual consideration of a written instrument. 17 Tex. Jur. 854 § 388; Cobb-Holman Lumber Co. v. Liechty et al. (Tex. Com. App.) 41 S.W.(2d) 18, and authorities cited.

"The authorities in this state admit parol evidence to explain, modify, or even contradict purely recitative provisions of written agreements. But contractual provisions, of whatever nature, even those relating to the consideration, cannot be varied, modified, or contradicted by parol evidence." Frank L. Smith Tire Store et al. v. Firestone Tire & Rubber Co. (Tex. Civ. App.) 68 S.W.(2d) 577, 579.

See, also, Johnson v. Johnson (Tex. Com. App.) 14 S.W.(2d) 805, and authorities cited.

"The recited consideration is contractual where it is an executory agreement or a promise to do something in the future—as where it consists of a promise to pay the promisee's debts, an assumption of outstanding obligations or a promise to care for the grantor in a deed for life, or where it is a relinquishment by a child of his interest in a parent's estate, or a contemplated enhancement in the value of the grantor's property; and, likewise, a recital in a deed from husband to wife that the consideration was paid by the wife out of her separate funds and for her separate use and benefit is contractual." 17 Tex. Jur. 856, 857, § 388.

See, also, Coverdill et al. v. Seymour, 94 Tex. 1, 57 S. W. 37; Vansickle v. Watson, 103 Tex. 37, 123 S. W. 112; Chalk v. Daggett, (Tex. Com. App.) 257 S. W. 228; Johnson v. Johnson, supra.

The provisions of the instrument under consideration relative to the consideration

are complete; they are contractual; and appellant and wife were parties thereto and could not attack, by their oral testimony, the contractual consideration without a proper pleading.

The other assignments do not present reversible error.

The finding of the court that the property on which the cotton attached was produced, was not the separate property of the wife is warranted by the testimony.

The judgment is affirmed.