Marion Francis GRAHAM, Appellant,

v.

Frances Ruth GRAHAM, Appellee.

No. 6926.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 2, 1959.

Rehearing Denied Nov. 30, 1959.

Cookston & Wise, Dallas, for appellant.

Carter, Gallagher, Jones & Magee, Dallas, for appellee.

NORTHCUTT, Justice.

This is a suit by Frances Ruth Graham, appellee, against her former husband, Marion Francis Graham, appellant, to re‹ cover a monitory judgment due under an alleged contract made during the divorce proceedings between appellant and appellee. Appellee sued to recover three monthly payments, each in the sum of $1,250, which she claimed were due under the terms of the above mentioned contract but had never been paid. Appellant answered by general denial; failure of consideration; contract illegal because the actual consideration, if any, was appellee's promise to agree to or obtain a divorce; the agreement purported to divide property not presently in existence; that the agreement to make such payments was neither fair nor equitable in that the value of the estate conveyed to appellee far exceeded that left to appellant, and, finally, that the payment of permanent alimony is against public policy and the contract relied upon was illegal and an attempt to evade the law and decisions of the court. The appellee filed and presented her motion for summary judgment. The appellant filed his reply to appellee's motion for summary judgment setting out practically the same matters set out in his answer.

The trial court granted summary judgment in favor of Mrs. Graham for the sum of $3,750 with interest, being for the three monthly payments she alleged were due and unpaid under the terms of the contract. From this judgment appellant appealed to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas, and the case was transferred to us by an order of the Supreme Court of Texas.

Appellant presents this appeal upon five assignments of error. By Point One it is contended there is a material issue of fact for the court or jury to determine as to whether the property settlement was fair, just or equitable. By Point Two it is contended there is a fact issue to be tried by the court or jury as to whether the property settlement was given as consideration for the wife's promise to obtain a divorce and, if so, the agreement was void. As we see this case, it is not contended that the

whole agreement should be set aside because it is neither fair, just nor equitable, but that appellant should not have to pay to the appellee the monthly payments since all of the community property had been divided between them, and these payments were in no way considered as in any manner adjusting their equities. The list of the property set out in the settlement is too long to copy here, but from the pleadings in the case it is clearly shown that the property received by the appellee was worth far in excess of that received by appellant. There is no question involved here as to that part of the agreement concerning the $250 to be paid by appellant as child support, and since under the terms of the agreement the $250 was a part of the $1,500 appellant was to pay, we assume the child support was paid as appellee only sued to recover the $1,250 of the $1,500 provision.

■■ We are familiar with the rule that the trial court may take into consideration the condition of the parties and their ability to make a living in dividing the community property in a divorce proceeding. The only portion of the agreement sought to be enforced here is to recover that part termed "Contractual Alimony" and not to recover any portion of the property owned by the parties at the time the divorce was granted. A separation agreement must be fair and equitable in order to be enforced. Link v. Link, Tex.Civ.App., 63 S.W.2d 1045; Klaeveman v. Klaeveman, Tex.Civ.App., 300 S.W.2d 205 (writ dismissed).

■ Appellant insists this agreement was entered into because of the promise on the part of the appellee to agree to or obtain a divorce. If this be true, we think the contract would be void. Corgey v. McConnell, Tex.Civ.App., 260 S.W.2d 99, affirmed 153 Tex. 49, 262 S.W.2d 944.

Both parties discuss at length the case of Wilson v. Woolf, Tex.Civ.App., 274 S.W. 2d 154, 158 (writ refused NRE). We are of the opinion that that case shows that appellant herein should be entitled to have passed upon his theory of the case if testimony was tendered, as the case states:

"Certainly the Austin court's holding can be differentiated from a suit such as the one at bar, where the plaintiff sued upon contract. We cannot perceive where the fact that the contract met the approval of the trial court and was repeated in the court's decree has aided the defendant. The defendant re-affirmed the original contract in the supplemental instrument executed by him seven or eight months after the time of the divorce decree. The contract stated that the community property, or at least most of it, remained in the hands of the defendant, because of which and in lieu of any accounting as to which the defendant contracted with the plaintiff to pay her $150 monthly. At the most the defendant was entitled to plead and prove facts which might entitle him to an avoidance. Perhaps he might be entitled to avoid his obligation, but it is not per se a void one. This burden of avoidance was not discharged by the defendant and he never offered any evidence which even tended to controvert the * * * contract or to attack the legality of the consideration because of which he made them. Neither did he plead a case predicating any such character of proof."

In the case at bar the appellant pleaded certain matters in avoidance of the contract but was not permitted to offer any evidence to substantiate his contention because the summary judgment was entered in the case. Neither is it contended in this case that appellant retained all or most of the community property but the record shows that appellee received practically all or at least the greater portion of the community property under the terms of the agreement.

■ Appellant's third assignment of error is as follows:

"The Court erred in granting the Plaintiff's Motion for Summary Judgment for the reason that the monthly payments to Plaintiff by Defendant constitutes permanent alimony and that such payments are contrary to public policy and are thus void under the laws of the State of Texas.

We do not find in this record where it is contended that the $1,250 payments were in any manner connected with an equitable settlement of the community property. Neither do we know the reason for the agreement as entered into. The agreement states that these payments were contractual alimony. After a man and wife are divorced they are not legally obligated to each other. If it should be determined that these $1,250 payments were to be paid from the earnings of appellant after the divorce was granted, and was not a part of an equitable settlement of their community property, then we think appellant would be under no obligation to pay the same. It is stated in the case of McBride v. McBride, Tex.Civ. App., 256 S.W.2d 250, 253, as follows:

"The point here, however, is that if future wages of an ex-husband may be subjected to the support of an ex-wife then the circuit has been completed and permanent alimony becomes an established reality despite our statutes and many court decisions to the contrary.

"Not believing that permanent alimony can or should be engrafted upon our marital system by such backdoor reasoning we decline to hold that future wages are property or 'the estate of the parties' within the meaning of Article 4638, Vernon's Ann.Civ.St.

"Appellee stresses the voluntary nature of the agreement as making it immune from the statutory bar of permanent alimony.

"There are at least two answers to this argument.

"First and foremost is that the Court has no jurisdiction and is without authority to grant permanent alimony. Art. 4637, V.A.C.S., Pape v. Pape, 13 Tex.Civ.App. 99, 35 S.W. 479 (San Antonio, writ dism.), Ex parte Ellis, 37 Tex.Cr.R. 539, 40 S.W. 275; Boyd v. Boyd, 22 Tex.Civ.App. 200, 54 S.W. 380; Bond v. Bond, 41 Tex.Civ.App. 129, 90 S.W. 1128; Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; Ex parte Guinn, 121 Tex. 66, 41 S.W.2d 219; Jinks v. Jinks, Tex.Civ.App., 205 S.W.2d 816 (Texarkana); 27A C.J.S. Divorce §: 203, pp. 878, 884; 15 Tex.Jur. p. 649.

"Jurisdiction of a court has been defined as follows:

"'The jurisdiction of the court means the power or authority which is conferred upon a court, by the constitution and laws, to hear and determine causes between parties, and to carry its judgments into effect. It is a plain proposition, that a court has no power to do anything which is not authorized by law.' Withers v. Patterson, 27 Tex. 491, and see 11 Tex.Jur. 714.

"This character of jurisdiction cannot be conferred upon a court by consent of the parties. Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598, and see 11 Tex. Jur. p. 715.

"In De Lange v. Cones, 215 Ind. 355, 19 N.E.2d 850, 852 in speaking of a judgment by confession the court said:
"'A judgment by confession has all the qualities, incidents, and attributes of other judgments, but it cannot be valid unless entered in a court which might lawfully have rendered the same judgment in a contested case.'
"Secondly, the award of permanent alimony is against the public policy of this State."

The same court again in the case of Klaeveman v. Klaeveman, supra, again approved of the holding in the McBride case:

and a writ of error was dismissed by the Supreme Court.

In our opinion this is not a case for summary judgment. It appears, probably, there are issues which should be tried to a jury. The judgment appealed from is reversed and cause remanded.