Chapin *et al.* v. McLaren *et al.*

No. 11,553.

CHAPIN ET AL. *v.* McLAREN ET AL.

JUDGMENT BY CONFESSION.—*Affidavit of Debtor.*—A judgment by confession before a justice of the peace is valid as between the parties, without an affidavit by the defendant that he justly owes the debt, and void only as to creditors. Section 1490, R. S. 1881.

SAME.—*Knowledge or Consent of Creditor.—Ratification.—Attorney and Client.*— A judgment by confession in favor of a creditor, entered without his knowledge or consent, is void unless ratified by him ; but knowledge and consent on the part of the creditor's attorney are sufficient.

SAME.—*Sheriff's Sale Under Satisfied Judgment Void.*—Where a judgment has in fact been fully paid and satisfied, a subsequent sale of real estate thereunder to any person having actual or constructive notice of such fact is void, and will pass no title.

From the Starke Circuit Court.

*L. Ritter, E. F. Ritter* and *B. W. Ritter,* for appellants.

*J. D. McLaren,* for appellees.

HOWK, J.—In this case, the separate and several demurrers of each of the appellees to the complaint of appellants, the plaintiffs below, upon the ground that it did not state facts sufficient to constitute a cause of action, were sustained by the circuit court. Appellants excepted to this ruling, and have assigned it here as the only error, of which they complain.

Appellants, Gardner S. Chapin and James J. Gore, partners under the firm name of Chapin & Gore, alleged in their complaint that they were seized in fee simple of lot No. 47, in the original plat of the town of Knox, in Starke county, except the south ten feet thereof, and had been in possession thereof for four years last past, claiming title thereto as owners; that they derived title by virtue of a sheriff's deed executed October 28th, 1876, by the then sheriff of Starke county, and recorded in the proper record of deeds in the recorder's office of Starke county; that such deed was executed pursuant to a sheriff's sale of such lot, on October 23d, 1875, by virtue of two executions directed to such

sheriff, issued out of the Starke Circuit Court on January 11th, 1875, upon two judgments of such court, at its December term, 1873, to wit, on December 30th, 1873, one in favor of William B. Taylor and Calvin H. Croninger, and the other in favor of John M. Kessan and others, and both against William W. Garver; and that such lot was sold by the sheriff as the property of William W. Garver.

Appellants further alleged that there was entered and docketed in the Starke Circuit Court, on the 9th day of October, 1873, a pretended judgment by confession for $120.34, rendered by a justice of the peace of Starke county, on October 3d, 1873, in favor of the appellees McCauley & Co., and against William W. Garver, whereon one Joseph A. Garver was replevin bail; that such judgment, if valid, became a lien on such lot 47, on. and after October 9th, 1873; that such judgment was void, because rendered without the consent of the plaintiffs therein, and because no affidavit of the defendant, Garver, was filed with such justice, that the claim was just and owing, and such confession was not made to defraud creditors; that, on April 3d, 1874, the justice of the peace issued an execution on such judgment to a constable of Starke county, to whom the defendant, Garver, on July 29th, 1874, paid the sum of $40, and, on September 1st, 1874, the further sum of $50, to be applied on such execution, and thereafter the constable returned such execution satisfied to the aggregate amount of $90; that prior to the filing of their complaint, appellants were informed by William W. Garver that he had paid the full amount of such judgment to McCauley & Co. and had receipts to show it, but, on April 5th, 1882, he informed appellants that all, except two of such receipts had been burned up, and he was unwilling to swear positively to the fact of paying the balance, which was the first information appellants had of this fact, but they believed and charged the truth to be that such judgment had been fully paid.

Appellants further said, that, on August 16th, 1880, there

was issued out of the Starke Circuit Court an execution on such confessed judgment, directed to the sheriff of Starke county and commanding him to collect the full sum of $120.34 of William W. Garver, without any deduction for such payments, which execution was delivered to the then sheriff of such county; that by virtue of such execution, the sheriff levied on the above described lot, and, on October 20th, 1880, sold the same at public sale to appellee John D. McLaren, for the sum of $193.54, that being the amount then claimed to be due on such judgment for damages and costs, without any allowance for the aforesaid payments, and afterwards, on the same day, gave to such purchaser the usual certificate of such sale, and John D. McLaren, as the attorney of McCauley & Co., receipted for said sum by taking such certificate; that John D. McLaren acted as the attorney of McCauley & Co. in taking the confession of judgment, in filing the transcript thereof in the Starke Circuit Court, in receiving all the moneys paid thereon by the defendant, Garver, in issuing such execution and bidding in and purchasing the aforesaid lot, but appellants were informed that he denied that such purchase was made in behalf of McCauley & Co.; that John D. McLaren, on December 10th, 1880, in his own behalf, assigned such certificate of sale to appellee Catharine Larrew; that McCauley & Co. had never been paid any part of such sum of $193.54, or any consideration for such assignment; that appellee William Seagrove was then sheriff of Starke county, and appellee Catharine Larrew claimed that she was entitled to a sheriff's deed of the aforesaid lot, by virtue of the assignment to her of such certificate of sale, and sheriff Seagrove admitted that he was bound to execute such deed to her, and appellants feared that he would do so if not restrained by the court; and that appellees John D. McLaren and Catharine Larrew gave out and threatened to obtain such sheriff's deed, as soon as entitled thereto. Wherefore appellants prayed that the sheriff's sale of such lot to John D. McLaren be set aside and held for naught,

and the execution quashed, that the judgment of McCauley & Co. be held void, or to be paid in full and satisfied of record; or, if the court should find such judgment to be valid and partly paid, then that the same be satisfied of record, on payment of the sum actually due thereon, and they offered to pay any such sum if the judgment should be held to be valid.

It is insisted on behalf of the appellants, in the elaborate brief of their learned counsel, that the facts stated in their complaint, the substance of which we have given almost in their own language, show that the sheriff's sale of the lot therein described to appellee John D. McLaren was illegal, and ought to be set aside, for the following reasons, namely:

"1. Because the judgment, upon which it was founded, was void, because rendered upon confession, without the necessary affidavit, as required by law.

"2. Because it was rendered without the knowledge or consent of McCauley & Co., in whose favor it was confessed.

"3. Because, prior to the issuing of the execution upon which the sale was made, the judgment had been fully paid and satisfied."

We will consider and pass upon these several reasons for setting aside the sheriff's sale of the lot to McLaren, or these several objections to the legality and validity of such sale, in their enumerated order.

1. In section 1490, R. S. 1881, in force since May 6th, 1853, in relation to a judgment by confession before a justice of the peace, it is provided as follows:

"Judgments may be rendered by confession, and no appeal shall lie therefrom; but the same may be collaterally impeached for fraud by creditors of the judgment debtor; and such judgment shall be void as to such creditors, unless at the time of the rendition thereof the defendant makes affidavit that he justly owes the debt."

In construing the provisions of this section of the statute, we have uniformly held that judgments by confession, before

a justice of the peace, were good and valid as between the parties thereto, whether the defendant did, or did not, make affidavit that he justly owed the debt, and were void only as to creditors of the judgment defendant, for the want of such an affidavit. *Mavity* v. *Eastridge,* 67 Ind. 211; *Kennard* v. *Carter,* 64 Ind. 31; *Barnett* v. *Juday,* 38 Ind. 86; *Hopper* v. *Lucas,* 86 Ind. 43. In their long complaint in this case appellants have nowhere averred that they were or ever had been creditors, either precedent or subsequent, of William W. Garver, the judgment defendant. It is manifest, therefore, that appellants can not be heard to assert that the judgment by confession, upon which the sheriff's sale of the lot in controversy to McLaren was founded, was void for the want of the statutory affidavit by the judgment defendant, that he justly owed the debt. Appellants failed to show by the averments of their complaint that such judgment by confession was void as to them.

2. Appellants do not allege in their complaint that the judgment by confession was rendered " without the knowledge or consent of McCauley & Co." The allegation is that such judgment was rendered " without the consent" of McCauley & Co.; and this allegation is practically withdrawn and nullified by the subsequent averment in the complaint, " that said McLaren acted as the attorney of said McCauley & Co., in taking the confession of judgment," etc. Under this latter averment, it could hardly be said that McLaren did not know of and consent to the rendition of such judgment by confession. The knowledge and consent of McLaren, concerning the rendition of such judgment, were equivalent to the knowledge and consent of his clients, McCauley & Co. In *Haggerty* v. *Juday,* 58 Ind. 154, it was held that a judgment by confession, entered without the consent or knowledge of the creditor, in whose favor it is rendered, is wholly invalid, unless ratified by such creditor. In the case in hand, we are of opinion that appellant's complaint clearly shows that the judgment by confession was rendered with the knowl-

edge and consent of McCauley & Co., acting by and through their attorney, McLaren. If this were not so, it is very clear,, we think, that the complaint further shows, by its allegations in regard to the receipt by McCauley & Co., by and through their attorney, of the moneys collected by the constable on the execution issued on such judgment by confession, that the execution plaintiffs, McCauley & Co., had fully and effectually ratified and confirmed such confessed judgment.

3. The third and last reason assigned by appellants' counsel for setting aside the sheriff's sale to McLaren as illegal and invalid is, that prior to the issuing of the execution upon which the sale was made, the judgment had been fully paid and satisfied. It is not claimed that the alleged payment or satisfaction of such judgment was or is shown by the record thereof. It may be conceded, we think, that where an execution is issued upon a judgment which has in fact been fully paid off and satisfied, if the sheriff, by virtue of such execution, levy upon and sell real estate to any person having actual or constructive notice of such facts, the sale would be an absolute nullity. It was so held by this court in *State,* *ex rel.,* v. *Salyers,* 19 Ind. 432, where it was said : " Indeed, the weight of authority seems to be, that a sale on a satisfied judgment will vest no title, even in an innocent purchaser." To the same effect, substantially, are the following cases : *Splahn* v. *Gillespie,* 48 Ind. 397 ; *State, ex rel.,* v. *Prime,* 54 Ind 450; *Shields* v. *Moore,* 84 Ind. 440; *Merritt* v. *Richey,* 97 Ind. 236.

If it be true, as appellants charge, and appellees admit, as this case is presented here, that prior to the issuing of the execution, upon which the sale of the lot in controversy was made to McLaren, the attorney of McCauley & Co., the execution plaintiffs, their judgment whereon such execution was issued had been fully paid, then it must be held under our previous decisions, that such sale of the lot was an absolute nullity, and passed no title whatever to John D. McLaren or to his assignee, Catharine Larrew. It is averred in the com-

plaint, and is admitted by appellees' demurrer, that McLaren as the attorney of McCauley & Co. received all the moneys paid on such judgment; and therefore it follows that he had actual notice of the fact averred, that the judgment had been fully paid. We are of opinion, for the third reason assigned as above by appellants' counsel, that the court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

