## P. G. BOYD v. LAURA BOYD.

Decided November 18, 1899.

**1. Divorce—Alimony After Decree Entered.**

In an action for divorce by the wife in which it was shown that there was no common property, the husband owning what there was, the court granted the divorce and gave the wife judgment for $800, making it a charge on the husband's land. Held, that the latter provision was unauthorized because, (1) the court having already sustained exception's to the wife's plea asking for permanent alimony, there was no pleading to sustain it; (2) a judgment for permanent alimony after divorce granted is not authorized by the statutes of this State. Following Pope v. Pope, 13 Texas Civil Appeals, 99.

**2. Same—Prospect of Child Being Born.**

Testimony to the effect that the wife was probably enceinte at the time the divorce was granted will not warrant a money judgment in her favor in the nature of permanent alimony.

APPEAL from Collin. Tried below before Hon. J. E. DILLARD.

*Jenkins & Pearson* and *R. T. Shelton,* for appellant.

*Abernathy & Mangum,* for appellee.

FINLEY, CHIEF JUSTICE.—Laura Boyd sued her husband, P. G. Boyd, for a divorce and for permanent alimony. She alleged that her

husband owned certain specified personal property; that he owned eighty acres of land which had been occupied as their homestead up to the time she was compelled to leave him, and was still the homestead. It was not alleged that there was any common property, and no division of property was sought. She alleged that she was enceinte by the defendant. She prayed for a decree of divorce; that she be allowed alimony in the sum of $20 per month; that she be decreed possession of the land, or so much thereof as might be necessary to raise said allowance, or that said land be placed in the hands of a trustee for the purpose of paying said alimony for and during her lifetime, for the recovery of costs, and for general and special relief.

She further prayed that if she was mistaken as to the relief sought, to enforce the payment of a sum of money for her support and alimony, and that the court make such order as the facts would justify. The defendant filed a cross-bill seeking a divorce himself, contesting the application of his wife for a divorce, and resisting alimony. On the trial, the court sustained his exception to that part of his wife's petition which sought the recovery of alimony, and struck out that part of her pleadings, and no amendment of the pleadings was filed. On the merits, the court granted the divorce on the petition of the wife, gave her judgment against appellant for $800 and costs of suit, and made this judgment a charge upon appellant's interest in the eighty acres tract of land, restrained him from selling or disposing of the land or its rents, and ordered that the rents of the land be applied to the payment of the judgment until it be fully satisfied. From this decree P. G. Boyd has appealed.

No question of the correctness of the decree is presented on this appeal, in so far as the granting of the divorce is concerned. The grounds alleged as the basis for the divorce are conceded to be sufficient, and it is not questioned that the proof sustained the allegations. The decree is asked to be reviewed and reversed only to the extent that it involves property, and this phase of the case alone will be considered and determined. The evidence showed no common property.

The parties were married September 4, 1898, and separated December 27, 1898, living together less than four months, and no community property seems to have been acquired by them. The eighty acres of land upon which the judgment was made a charge was the old homestead of appellant's father and mother. The father was dead, but the mother continued to occupy and use it as the homestead. She rented it to appellant during the period that he and his wife lived together, and they resided there, making it their home. Appellant has a brother and sister living. The homestead had never been partitioned nor alienated, and at the time of trial was occupied by appellant's mother and himself as the homestead. All the personal property disclosed by the evidence was shown to be the separate property of appellant. The appellee testified that she had caused a physician to examine her and that he informed her that she was enceinte; that she did not know this to be true, except

upon the statement of the physician. There was no other testimony on this point. These are the material facts appearing from the record.

1. The court having stricken out that portion of the pleading seeking to recover permanent alimony, there was no basis in the pleading for the recovery of alimony. There were no other allegations in the pleadings which justified a money judgment against appellant. After that part of the petition which sought the recovery of alimony was stricken out, nothing was left but the suit for divorce. She did not seek an allowance pendente lite, while she was yet the wife of appellant, but sought an allowance for her support after the bonds of matrimony had been dissolved by the decree of court, freeing her from all obligations to appellant. That every judgment or decree must find a sufficient basis in the pleadings, is familiar law. This feature of the case alone would call for a reversal of the judgment.

2. Under the laws of this State, courts are not authorized in divorce suits to provide permanent alimony for the support of the divorced wife. An allowance may be made for her support during the pendency of the suit for divorce, until the final decree is made in the case. Rev. Stats., art. 2986. The final decree may also order a division of the common estate, if there be such. Art. 2980. But the court can not divest title out of one of the spouses and invest it in the other. Neither can the court compel the husband by final decree to support the divorced wife. Pope v. Pope, 13 Texas Civ. App., 99. If there be children of the marriage, the court may properly make orders in relation to their custody and maintenance. In this case there are no children to be provided for. There appeared to be a probability that a child would thereafter be born of the marriage, but this did not justify the court in rendering a judgment against appellant in favor of appellee for money.

The money judgment for $800, and the decree fixing it as a charge upon the eighty acres of land and restraining appellant from selling his interest in the land, or disposing of the rents, and directing that such rents be applied to the payment of the judgment, was unauthorized, and that part of the decree is reversed and here rendered in favor of appellant. The decree of divorce is undisturbed.

*Reformed and affirmed.*