Ex Parte Martin E. Gerrish.

No. 2010.     Decided June 13, 1900.

1. **Contempt—Imprisonment for Debt.**

A judgment for a sum of money agreed to be paid in a divorce proceeding is a judgment for a debt, and a party failing to pay the same can not in contempt proceeding be imprisoned for its nonpayment. Imprisonment for debt is expressly prohibited by our Constitution, Bill of Rights, section 18.

2. **Same—Disobeying Judgment in Divorce Proceeding.**

A judgment adjudging relator guilty of contempt because of his failure to comply with a judgment of said court in a divorce proceeding is ab initio void,— the court having no jurisdiction to make such order.

From Dallas. Original application for habeas corpus to Court of Criminal Appeals.

The opinion states the case.

T. F. Mangum and K. R. Craig, for relator.

Bell & Hirsh, for the divorced wife, Sallie Gerrish, filed an argument in the case.

BROOKS, JUDGE.—This is an original application for the writ of habeas corpus from Dallas County. It appears: That on July 10, 1899, judgment was entered in the District Court of Dallas County (Forty-fourth Judicial District of Texas), in a divorce proceeding, wherein Sallie Gerrish was plaintiff and Martin E. Gerrish, applicant herein, was defendant; and the bonds of matrimony were dissolved by said judgment, and the custody of the minor child, Vivian Gerrish, was given to the mother, Sallie Gerrish, with the right on her part to the absolute control and management of said child, free from interference therewith on the part of applicant herein. And the judgment furthermore provides: "And it further appearing to the court that there is on file among the papers of this cause an instrument in writing, signed by the defendant, and which is in words and figures as follows, to wit: 'Sallie Gerrish v. Martin E. Gerrish. (No. 16,973.) In the District Court, Dallas County, Texas. Forty-fourth Judicial District of Texas. I, M. E. Gerrish, defendant in the above styled and num-

bered cause, agree that on the hearing of the case, and in the event that the plaintiff obtains a divorce, that a decree may be entered giving judgment against me for twenty dollars per month, to be paid to our child, Vivian Gerrish, for her maintenance and support, until she shall reach the age of 21 years; or, in the event she marries before the age of 21 years, then the allowance shall cease. [Signed] M. E. Gerrish,'—it is further ordered and decreed by the court that said defendant pay to plaintiff on the last day of each and every month hereafter the sum of twenty dollars, to be used by the plaintiff for the maintenance and support of said Vivian Gerrish, which payments shall continue till said Vivian Gerrish shall reach the age of twenty-one years; provided that, if she should die or marry before that time, then said payments shall cease upon such death or marriage, and, if plaintiff shall die or marry before payment hereunder shall cease, then same shall be made to such person as shall be by order of this court, then to be made, directed to receive them, for the benefit of said child, until she so marries, dies, or reaches the age of twenty-one years. And it is ordered that said payments be made promptly as above stated, in cash, under penalty of being held in contempt of this court for failure to so make same, and that all necessary process of this court issue to enforce same. It is further considered by the court that plaintiff have and recover of defendant all costs of this suit, and that execution issue therefor, and, generally, that all necessary execution and other process issue to enforce all the terms of this decree." An application was filed in said court, at the regular term thereof, praying that applicant, Martin E. Gerrish, be held in contempt by said court, in failing and refusing to obey the decree thereof rendered on July 10, 1899, as above indicated. The court indorsed on this application his fiat directing the clerk of the court to issue notice to applicant, M. E. Gerrish, to appear before this court on April 2, 1900, at 10 o'clock a. m., then and there to show cause why he should not be punished as for contempt of court, in accordance with the prayer of said application. That upon the calling of said matter at said time the notice had not been served, and it was thereupon ordered by the court that the hearing be reset for Saturday, April 14, 1900, at 2 o'clock p. m. This notice was served upon applicant. The judgment shows that upon the hearing, after the service of the notice, the court adjudged that applicant had failed to obey the judgment of the court, in failing to pay the allowances for November and December, 1899, and January and February, 1900; "that, at the time said unpaid installments above named fell due, defendant was, and still is, able to pay same, and that his refusal to do so was and is willful and in violation of the terms of said decree, and therefore the court finds and adjudges that defendant, Martin Gerrish, by reason thereof is in contempt of this court, and it is therefore ordered by the court that he be committed to the custody of the sheriff of Dallas County, Texas, to be by him held in the county jail thereof until he purges himself of such contempt by paying, in accordance with said decree. the

four installments of money, of $20 each, falling due on the last days of November and December, 1899, and January and February, 1900, as therein provided in said decree, together with all costs of this contempt proceeding, which costs shall be taxed against him, and that the clerk of this court issue to such sheriff a warrant of commitment to that effect, attached to a certified copy of this order." In accordance with said judgment, a writ of commitment was issued, and applicant taken in charge and placed in the county jail of Dallas County. Thereupon he sued out a writ of habeas corpus before this court.

If the judgment of the District Court of Dallas County is erroneous, we have no jurisdiction of this application. If it is void, then we have complete jurisdiction, and applicant should be discharged. Ex Parte Warfield, 40 Texas Crim. Rep., 413. In Pape v. Pape (Texas Civil Appeals), 35 Southwestern Reporter, 479, it was held that our statute makes no provision for permanent alimony, and that in the absence of direct statutory authority a decree for alimony can not be appended to a decree dissolving a marriage. The only provision for alimony is during the pendency of the suit for divorce, and it is provided that it shall continue until a final decree shall be made in the case. Rev. Civ. Stats., art. 2870. We quote the following from the opinion: "In many of the States the same statute that authorizes the court to give the custody of the children to either father or mother confers on it the power to compel the father to furnish her with a fund for their support, but no such provision is found in the statutes of this State. By the common law the father is responsible for the necessaries of life for the children as well after as before a divorce is granted. We have seen no authority, however, that would permit a court to arbitrarily fix the amount that the father should pay for the maintenance of his children, without regard to his standing in society and his resources and income. The tax must be either upon a fixed and definite income, or a charge upon his property. The statute provides that "the court pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regards to the rights of each party, and their children, if any.' Rev. Civ. Stats., art. 2864. This statute gives ample scope for wise discretion to the district judge in the division of the property, the object to be kept in view being justice to the parties and their children. * * * The estate of both, whether separate or community, could have been placed in the hands of a trustee, and the revenues arising therefrom have been used, in the proportions ordered by the court, for the support of the husband, the wife, and the children. Fitts v. Fitts, 14 Texas, 444; Trimble v. Trimble, 15 Texas, 18; Rice v. Rice, 21 Texas, 58; Simons v. Simons, 23 Texas, 344. * * * We have no knowledge, however, of any statute or decision that permits a court to lay tribute upon the possible earnings of a father for a period of over half an average lifetime, and to devote them to the support of children committed to the custody of the mother,

and to whom has been given practically the whole of the community property; and this, too, without any reference whatever to the earning capacity of the father." It will appear from an inspection of the judgment of the District Court of Dallas County that applicant, by an agreement signed, agreed to pay $20 per month to his minor child until she was twenty-one years of age or married. Judgment was entered upon the agreement, filed among the papers. This, then, becomes an agreed judgment against applicant for this sum of money, and receives no additional dignity from the fact that it was rendered in the course of a divorce proceeding. It stands like any other judgment by agreement filed, and contempt proceedings to enforce the same are not authorized under the laws of this State. There is no authority in the court to grant permanent alimony covering a long series of years, nor is there any power in the court to imprison the applicant for debt. The judgment rendered in the divorce proceeding being, as before stated, a judgment, and therefore a debt, applicant can not be imprisoned for the same. To do so would violate that beneficent provision of section 18 of our Bill of Rights which provides, "No person shall ever be imprisoned for debt." It is a well settled proposition of law that all causes of action become debts after they are placed in the shape of judgments. 8 Am. and Eng. Enc. of Law, 2 ed., p. 999. In Ward v. Ward, sitting in chambers, 1861 (2 Batts' Civil Statutes, page 307, section 10,321), it was held that when a court declared a monthly allowance, and the husband refused to pay, he was discharged on habeas corpus, on the ground that he could not be imprisoned for debt. In Ex Parte Ellis, 37 Texas Criminal Reports, 539, we held that a judgment of similar purport to the one here rendered could not be enforced by other process than execution, and that the summary process of contempt was not authorized, but void. We therefore hold that the judgment of the District Court of Dallas County adjudging relator guilty of contempt, by reason of the fact that he had failed to comply with the judgment of the court in the divorce proceedings, was ab initio void, and that the court had no jurisdiction to make such an order. It is therefore considered and adjudged that the applicant, Martin E. Gerrish, be discharged, and that a copy of this order be sent to the District Court of Dallas County (Forty-fourth Judicial District of Texas) for observance. It is further ordered that applicant herein pay all costs of this proceeding.

*Reversed and relator discharged.*