## EX PARTE CARLOS NEWTON GUINN.

No. 5937.   Decided July 22, 1931.
(41 S. W., 2d Series, 219.)

*Roy A. Scott*, of Fort Worth, for relator.

The contempt proceedings to enforce the judgment or order requiring the payment of $40 per month for *the support and maintenance of the two minor children* is utterly void and in violation of the Bill of Rights, sec. 18, prohibiting imprisonment for debt.

The order of the court requiring the relator be: *"sentenced and confined in the Tarrant county jail, as punishment for such contempt and there to be kept and remain, till he purge himself of such contempt in such manner as to this court may seem meet and proper or it shall deem and hold sufficient,"* being utterly void for uncertainty and indefiniteness cannot be carried into effect. Ex Parte Gerrish, 57 S. W., 1123; Ex Parte Ellis, 40 S. W., 275; Ex Parte Kottwitz; Ex Parte Kearby, 34 S. W., 635.

MR. JUDGE CRITZ delivered the opinion for Commission of Appeals, Section A.

This is an original habeas corpus proceeding brought by Carlos Newton Quinn, the relator, in the Supreme Court. So far as shown by this record the pertinent facts are as follows:

It seems that relator filed suit in the district court of Tarrant county, Texas, against his wife, Darthula Bell Guinn, for a divorce. The wife answered this petition, and filed a cross action, also praying for divorce and for the care and custody of their two minor children. While the divorce suit was pending the court made an interlocutory order allowing the wife the care and custody of the children pending the divorce, and enjoining the husband from interfering with her in such custody.

The record also discloses that while the suit was pending the wife made application to the court for alimony in the sum of $75 per month for the support of herself and said children.

On filing of the above application the court entered an order requiring relator to appear before him on the 20th day of September, 1930, and show cause why he should not be required and compelled to pay into the registry of the court such sum as the court may deem proper and necessary for the support and maintenance of the wife and children during the pendency of the suit.

It seems from the record before us that on the day named in the above order the parties appeared before the court, and the court entered an agreed order, of which the following is the relevant part:

"IT IS FURTHER CONSIDERED, ORDERED, AD-JUDGED AND DECREED by the court that the plaintiff, Carlos Newton Guinn, until the further orders of this court, be and he is hereby ordered, required and compelled to pay the sum of Forty and No/100 Dollars ($40.00) per month, payable Twenty and No/100 Dollars ($20.00) on the second and sixteenth day of each month hereafter, into the registry of this court for the support and maintenance of said minor children, and that all costs of this proceeding be and the same are hereby taxed against said plaintiff, for which execution may issue in favor of defendant and the officers of this court."

We presume from the record that relator failed and refused to pay into the registry of the court the money required by the above order, except he paid $25 on April 21, 1931, and was cited by the court to show cause why he should not be held for contempt for disobeying said order. On this hearing the respondent was adjudged in contempt of court for disobeying the above order and committed to jail. The relevant part of such contempt order is as follows:

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, Carlos Newton Guinn, be, and he is hereby, held and adjudged guilty of contempt of this court and that he should be, and he is hereby sentenced and confined to the County Jail of Tarrant County, Texas, as punishment for such contempt, and there to be kept and remain, till he purge himself of such contempt in such way and manner as to this Court may seem meet and proper or it shall deem and hold sufficient, and that the plaintiff be and is hereby remanded to and placed in the custody of the Sheriff for such confinement;

"It is further ordered that said Sheriff commit said plaintiff

to and place him in the said County Jail and keep him there confined till he shall purge himself of said contempt;

"It is further ordered by the court that the costs of these proceedings be and the same are hereby taxed and adjudged against the plaintiff for which execution may issue in favor of defendant and the officers of this court."

After the entry of the above order the relator was, by virtue thereof, taken in charge by the Sheriff of Tarrant County, and placed in jail. Thereupon he presented his application for writ of habeas corpus to the Supreme Court. The application was granted by Chief Justice C. M. Cureton, and bond fixed at $500, pending the disposition of the case by this court. The sheriff of Tarrant county has made due return showing that he has obeyed the writ and released the relator on bond as required by this court:

The relator contends that the order adjudging him in contempt and committing him to jail is void for two reasons:

1. Because the original order of date September 20, 1930, requiring him to pay into the registry of the court the sum of $40 per month for the support and maintenance of the two minor children of relator is a mere contractual or civil obligation, and not an order for alimony as contemplated and provided by article 4637, R. C. S.

2. Because such judgment is too indefinite to prescribe a punishment for a past offense, and too uncertain, to define what relator must do to purge himself of such contempt.

■ It is the settled law that where suit for divorce is pending in any district court in this state, the court has power, under the provisions of article 4637, supra, pending the action, to enter a proper order allowing alimony for the support of the wife and minor children. Cunningham v. Cunningham, 120 Texas, 491, 40 S. W. (2d) 46. We think that when the order of September 20, 1930, is viewed in the light of the statute and the record it is evident that it is nothing more than an interlocutory order allowing alimony pending divorce under authority of article 4637, supra.

It seems to be contended by relator that because the order of September 20, 1930, supra, shows upon its face that it was entered by agreement it is for such reason void. This contention is without merit. The statute, article 4637, expressly provides that the court shall allow a sum for the wife's support in proportion to the means of the husband, until final decree shall be made in the case. The statute contemplates that the court has power to hear evidence and fix the amount under the terms

of the statute. This being true, there is certainly no good reason to hold that the court may not enter a perfectly valid order for alimony where the parties themselves agree on the amount.

Relator contends that the order of date September 20, 1930, supra, is void, under the holdings of the Court of Criminal Appeal in Ex parte Ellis, 40 S. W., 275, and Ex parte Gerrish, 57 S. W., 1123. A reading of these cases discloses that neither of them have any application here.

In Ex parte Ellis it is shown that in a final divorce decree it was decreed that the husband should pay the divorced wife the sum of $5 per month during a certain period for the support of their minor child. The divorced husband failed to pay the sum so decreed and was adjudged in contempt of court and committed to jail until the sum due should be paid. The Court of Criminal Appeals, under the above record, very properly held the judgment of contempt void on the ground that the sum adjudged was not alimony, but merely a civil obligation. In this connection the Court of Criminal Appeals further very properly held that the court was without power to allow alimony in a final divorce decree.

In Ex parte Gerrish, supra, it is shown that in a final decree of divorce it was provided that the husband should pay $20 per month to a minor daughter for her care and support. This provision of the judgment was entered by agreement. The husband failed to pay this sum as in the judgment provided, and was adjudged in contempt and committed to jail. The Court of Criminal Appeals reaffirmed the doctrine announced in Ex parte Ellis, supra, and held that the judgment was a mere civil obligation, and not alimony, and so discharged the relator. The judgment was not condemned because it was entered by agreement, but because it was not an interlocutory decree allowing alimony, and therefore could not be enforced by contempt proceedings.

In view of what we have said it is evident that we hold that in so far as this record discloses the order of September 20, 1930, is a valid interlocutory order allowing alimony.

■ We, however, are of the opinion that the order of date June 8th, 1931, adjudging relator guilty of contempt and committing him to jail is void because it is too indefinite to prescribe a punishment for a past offense, or to define the thing relator must do to purge himself of such contempt. Ex parte Kottwitz, 117 Texas, 538, 8 S. W. (2d) 508.

In the Kottwitz case, supra, our Supreme Court, speaking

through Chief Justice Cureton, clearly and plainly announces the rule that a judgment punishing for contempt must be definite where its purpose is to punish for a past offense, and, where its purpose is to secure compliance with some order, it must be entire, and for a time or on condition certain, and a judgment for contempt which fails to meet these requirements is void. We quote the following from the opinion in the Kottwitz case:

"The punishment specified in the order of the court is clearly not within the terms of this statute, nor is it limited to such time as the relator might comply with the orders of the court by turning over to the receiver the books and papers concerning which the contempt arose. In other words, there is no time limit of any character in the decree. It is an elementary principle of the law of contempt that the punishment must be definite, where its purpose is punishment for a past offense; and, where its purpose is to secure the compliance of some order, it must be entire, and for a time or upon condition certain, and that a judgment which is not certain as to time or condition in some manner is a void judgment. 6 Ruling Case Law, pp. 535, 536, sec. 48; 13 Corpus Juris, p. 85, sec. 131, p. 92, sec. 140; Ex parte Kearby, 35 Texas Crim. Rep., 531, 34 S. W., 635, 636; State ex rel. Rohde v. Sachs, 2 Wash., 373, 26 P., 865, 26 Am. St. Rep., 857; O'Rourke v. Cleveland, 49 N. J. Eq., 577, 25 A., 367, 31 Am. St. Rep., 719; State v. Voss, 8 Iowa, 467, 45 N. W., 898, 8 L. R. A., 767.

"* * *

"It is true that Revised Statutes, art. 4661, relating to the power of the court to punish for disobedience of injunctions, gives the court power to punish for contempt, and authorizes the court to imprison one who has disobeyed an injunction until he purges himself of the contempt 'in such manner and form as the court or judge may direct.' This, however, means merely that the court has the power to prescribe the manner and form in which the one adjudged guilty of contempt may purge himself, and has nothing to do with the validity of a decree which must be definite and certain in the punishment or confinement adjudged. An order of a court that one adjudged guilty of contempt is to be confined in jail until he purges himself of contempt must define what is required of him, in order that he may purge himself of the contempt. Otherwise the decree is too indefinite to be carried into effect."

■ Under the rule above announced the court had the power to punish relator for disobeying the alimony order of date

September 20, 1930. He could have done this by assessing a definite fine, or imprisonment, or both. On the other hand, the court had the power to imprison relator until he purged himself of contempt "in such manner and form as the court or judge may direct." This, however, means that the order itself must define and direct definitely the thing, or things, which must be done by the party adjudged in contempt in order to purge himself.

When we come to examine the order in question here we find that it utterly fails to meet the rule above announced. It makes no attempt to assess a definite fine or imprisonment for a past offense, and, if its purpose is to imprison relator until he complies with the alimony order, it absolutely fails to so state. On the other hand, the order commits relator to jail "there to be kept and remain, till he purge himself of such contempt in such way and manner as to this court may seem meet and proper or it shall deem and hold sufficient," etc. It is clear that this order does not define and direct definitely the thing which relator must do to purge himself of contempt. We need not pursue the matter further. The order of commitment is utterly void.

It follows from what we have said that relator should be discharged, but on the ground only that the order of commitment is void for want of definiteness.

We therefore recommend that the relator be discharged from custody without prejudice to the right of the district court of Tarrant county, Texas, to enforce its order for alimony by proper order and procedure if the facts justify.

The opinion of the Commission of Appeals is adopted and the relator discharged.

C. M. CURETON, Chief Justice.