DE LANGE *v.* CONES, ADMINISTRATOR.

[No. 27,191. Filed March 21, 1939.]

*Leo X. Smith,* for appellant.

*Herman W. Kothe,* and *Grier M. Shotwell,* for appellee.

SHAKE, J.—Appellant filed a claim against the estate of Frank Lux, deceased. Following a disallowance by the administrator, there was a trial by the court, resulting in a finding and judgment for a sum less than that demanded. Appellant filed a motion for a new trial, which was denied, and this appeal followed.

There is no motion to dismiss the appeal, but the propriety of us considering that matter is suggested by the record. The appeal was originally to the Appellate Court. The cause was dismissed by that court, in banc, with a written opinion, one judge concurring with a statement, one concurring in the result, and one dissenting. *DeLange* v. *Cones* (1938), Ind. App., 17 N. E. (2d) 499. Thereafter, upon a petition to reconsider the order of dismissal four judges of the Appellate Court failed to agree and the case was transferred to this court under Section 4-209 Burns 1933, §1364 Baldwin's 1934.

Judgment was entered in the court below on July 2, 1932, and on the following day the appellant filed a motion for a new trial. There was no ruling on the motion until May 29, 1936, which was the 23rd Judicial Day of the May Term, 1936, when it was denied by the following entry:

"Motion heretofore filed by the above named claimant for a new trial of said above cause being now submitted to the court is now overruled.

"And the court now allows said claimant 90 days in which to file all Bills of Exceptions."

On November 27, 1936, being the 23rd Judicial Day of the November Term, 1936, the following proceedings were had:

"Come again the parties and by agreement (the court) now sets aside the overruling of the motion for new trial heretofore entered of record and reinstates the judgment heretofore rendered on the claim of claimant also the motion for new trial of claimant Francis DeLange.

"And said motion is now submitted to the court and argument heard thereon and the court now overrules said motion to which ruling of the court said claimant now excepts.

"And 90 days are granted to prepare and tender all bills of exceptions, and the said claimant prays an appeal to the Appellate Court of Indiana, which is granted on the filing of an appeal bond in the sum of $200.00 and 30 days is allowed for filing said bond."

The record was filed in the office of the clerk of this court on February 3, 1937, and the cause was submitted on March 5th following. Under Section 6-2002 Burns 1933, §3278 Baldwin's 1934 (applicable here), the appeal had to be perfected within 180 days from the date of the judgment or order appealed from. If the time for appeal began to run from the order entered on November 27, 1936, it is in time; but if the appeal is from the order of May 29, 1936, it comes too late. The question arises, therefore, whether the court had jurisdiction to enter the order of November 27, 1936. Two propositions suggest themselves with respect to the authority of the trial court to disturb its prior order denying a new trial: (1) the term at which the final judgment was entered had expired; and (2) no pleading or petition was presented asking relief.

Before a court is authorized to act in any case it must have jurisdiction of the persons and jurisdiction of the

subject-matter. That the court below had juris-diction of the parties affirmatively appears upon the face of the record, and it is not to be denied that it had jurisdiction of the subject-matter of the proceedings, in the sense that it had power in proper cases to entertain proceedings to set aside its rulings with respect to motions for new trials. The Probate Court did not directly disturb its judgment entered on July 2, 1932, though the setting aside of the denial of the motion for a new trial previously entered had, or might have had, that effect, since a subsequent sustaining of that motion would have necessarily vacated the judgment. It is therefore proper to consider whether, under any circumstances, a court may modify or set aside a final judgment after the close of the term at which it was rendered. In *Perkins et al.* v. *Hayward et al.* (1892), 132 Ind. 95, 100, 31 N. E. 670, it was observed that after expiration of the term at which a judgment is rendered a cause is "on the docket only for the purpose of carrying into effect the judgment actually rendered, and not for any action modifying or changing that judgment. So far, therefore, as the adversary proceedings are concerned, it is no longer *in fieri,* after the expiration of the term when the judgment was rendered. After that time the court can make no order changing, modifying or correcting the judgment, except upon notice, again bringing the parties before it, or upon their voluntary appearance." In *Penn* v. *Ducomb* (1938), 213 Ind. 133, 142, 12 N. E. (2d) 116, 118, this court said:

> "The court may change, modify, or set aside a final judgment after term, if the party seeking to have the judgment set aside, changed, or modified gives proper notice to the other interested parties, or upon their voluntary appearance."

It appears from the record that all the parties to this action voluntarily appeared and consented to the set-

ting aside of the order overruling the motion for a new trial, and we are therefore obliged to hold that the court was not prohibited from setting aside that order on account of the expiration of the term at which the judgment was originally entered.

There is respectable authority to the effect that it is within the power of the state to prescribe how and when its courts may exercise their jurisdiction; that courts may not act unless their jurisdiction is invoked in some manner provided by law; that pleadings of some kind are essential; and that when such pleadings are totally lacking it may be said that courts are without jurisdiction of the subject-matter. 15 C. J., p. 797. Notwithstanding the rule stated, pleadings are not always required by the statutes of this state, as they have been interpreted and applied. Thus, Section 2-1802 Burns 1933, (§321 Baldwin's 1934), authorizes a person to go into court and confess a judgment before any action is brought against him, and Section 4-3609 (§831 Baldwin's 1934), provides that an attorney may bind his client in an action or proceeding by an agreement filed with the clerk and entered upon the minutes of the court. There are, of course, limitations upon the power of courts to make orders and render judgments in the absence of pleadings, and they may not reach out and assume jurisdiction in each and every case to which their attention is called. *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 384, 103 N. E. 10.

An attorney has authority, until discharged or superseded by another, to bind his client in an action or special proceeding by an agreement filed with the clerk and entered upon the minutes of the court. Thus, in *Garrigan* v. *Dickey* (1891), 1 Ind. App. 421, 27 N. E. 713, it was held that a party was bound by the written admission of his attorney

entered of record that a new trial had been granted in a cause, notwithstanding the order book of the court disclosed that such new trial had been denied prior to the filing of the admission. In its opinion the Appellate Court pointed to section 563, Revised Statutes of 1881, which is section 2-2405 Burns 1933, authorizing proceedings to be instituted for a new trial by complaint and summons after term, and said (p. 424) :

> "We think the agreement, or admission, signed by the attorneys, filed in open court, and duly spread upon the order book, became a valid part of the proceedings in the cause. In our opinion it was an agreement which the attorneys had a right, in that way, to make, and that it is now binding on the parties."

It will be noted that no complaint to set aside the denial of the motion for a new trial was filed, nor any summons issued, and that the decision of the court rested solely upon the agreement of the parties.

Our civil code recognizes three modes of instituting suits and obtaining judgments: (1) by process; (2) by confession; and (3) by agreement. *Kennard* v. *Carter et al.* (1878), 64 Ind. 31. A judgment by confession has all the qualities, incidents, and attributes of other judgments, but it cannot be valid unless entered in a court which might lawfully have rendered the same judgment in a contested case. *Caley* v. *Morgan* (1888), 114 Ind. 350, 16 N. E. 790. Where the practice requires an affidavit or other pleading to be filed by one of the parties before a judgment by confession is entered, such requirement is for the benefit of the other party, and may be waived, and a judgment so entered will be valid between the parties. *Chapin et al.* v. *McLaren et al.* (1886), 105 Ind. 563, 5 N. E. 688. We perceive the same rules would be applicable to a judgment entered by agreement of the parties. We therefore hold that the court below was

within its jurisdiction in setting aside the ruling by which it had previously denied the motion for a new trial, under the circumstances, and that no ground exists for dismissing the appeal. What we have said is not to be construed as suggesting, however, that the time for filing a motion for a new trial may be extended beyond the statutory limitation by agreement of the. parties, or that a trial court may permit, in any indirect manner, an extension of the time for taking an appeal after that time has elapsed. *Talbot* v. *Meyer* (1915), 183 Ind. 585, 109 N. E. 841; 89 A. L. R. 941, Ann.

Passing to the merits, we find that the claimant was connected with the Mother House of a religious order known as the Society of the Divine Word, and lived in East Troy, Wisconsin; that he preached for a time in the city of Indianapolis, where he became acquainted with the decedent, Frank Lux; that the decedent became interested in the activities of the order and, about October, 1926, executed a series of 40 notes to the claimant for $25 each, payable monthly, the proceeds of which were to be used in behalf of a church of the order in the city of Dallas; that $800 was paid on these notes in the lifetime of the decedent, leaving 8 notes thereof, aggregating $200, unpaid. These are the notes described in the first paragraph of the claim, and they would appear to be a valid charge against the estate of the decedent.

It further appears that about September, 1926, the decedent executed and delivered to the claimant a note for $9,500, payable on or before 12 years after date, "for a church in Sunda Island, India." This is the obligation described in the second paragraph of the claim.

About the same time the $9,500 note was given the decedent wrote a letter to the claimant in which he said:

"I am sending you a note for $9,500.00. You get the check for $500.00 when the lumber bill comes which will make a total of $10,000.00. I made it all in one note and it will save the trouble of having so many and as we agreed you are to keep a set of books and keep my account straight for both churches so we only need one note on this bill."

The $9,500 note mentioned above is the note referred to in the second paragraph of the claim. The letter is the basis of the third paragraph of the claim.

There is evidence to establish that the $9,500 note and the promise to pay $500, contained in the letter, were given by the decedent upon the express condition that the proceeds thereof would be used to build two churches of the order on Sunda Island, India. The claimant testified that the churches had been completed at a cost of some $30,000, but he admitted that he had no personal knowledge of the fact and relied upon information given him by his superior bishop, and he stated, further, that the bishop had not been to India. There was introduced in evidence two exhibits in the Dutch language which, from translations thereof, purported to show that obligations had been incurred by the society for building materials for the two churches above referred to in the sum of $2,647.30. The claimant stated that he had shown these exhibits to Mr. Lux in his lifetime. On this state of the record the court found for the claimant for $3,000.

It is the theory of the appellant that this case comes within the rule that where the evidence is undisputed and the action is upon a written promise to pay a fixed sum, it is error for the court to render a judgment for less than the full amount shown to be due thereon. He calls attention to the fact that the only evidence before the court was the obligations sued upon and the testimony of the claimant, admitted without objection. He says that the notes and letter,

upon which his claim was predicated, show upon their face that he is entitled to recover $10,200, and he asks that the cause be reversed and the trial court directed to enter judgment for that amount. Appellant is in error when he assumes that only questions of law, and no questions of fact, may arise when the evidence is uncontradicted. Questions involving ultimate facts always arise from uncontradicted evidence where the primary facts established thereby might lead men of equal fairness and intelligence to draw different inferences therefrom. *Goings* v. *Davis, Director* (1924), 82 Ind. App. 231, 233, 141 N. E. 473, 143 N. E. 174. A fact cannot be taken as established by undisputed evidence merely because the testimony of a witness in relation thereto is not directly controverted, where such testimony is so inconsistent with other facts and circumstances shown by the evidence as to have little or no weight, or is so inherently improbable that it amounts to a mere conjecture. *Great Lakes Dredge, etc., Co.* v. *Totzke* (1919), 69 Ind. App. 303, 121 N. E. 675.

The letter which is the basis of the third paragraph of claim, and which also directly refers to the $9,500 note for which claim is made in the second paragraph, supports the inference if, indeed, it does not establish the fact, that the decedent intended to obligate himself thereby for the aggregate sum of $10,000 for building materials for the proposed churches in India, and that he would make payments on the obligations as evidence of the purchase of said materials was submitted to him; else why the statement in the letter that "you get the check for $500.00 when the lumber bill comes," and why the reference to the payee keeping a set of books of the account for the churches? This inference is corroborated by the circumstance that the claimant voluntarily introduced in evidence the invoices showing the cost of building materials

purchased by the society, and which he said he had submitted to the decedent. The testimony that the total cost of the churches was $30,000 was clearly hearsay based upon hearsay, and there was no proof as to the actual cost of any materials purchased other than that relating to the invoices introduced in evidence. From the translation of the invoices it appears that the cost of this material was $2,647.30, and the claimant testified that it was approximately $3,000. Under these circumstances the contention that the appellant is entitled to recover the aggregate of the obligations upon which the claim is based cannot be sustained.

Conceding that the undisputed evidence shows the claimant is entitled to recover $200 on the 8 notes for $25 each, given for the Dallas church, and that he was likewise entitled to recover either $2,647.30 or $3,000 for the building materials purchased for the construction of the churches in India, we are not at liberty to disturb the trial court's allowance for $3,000.

Judgment affirmed.

Roll, J., absent.