**McBRIDE v. McBRIDE.**

No. 10105.

Court of Civil Appeals of Texas. Austin.

March 4, 1953.

Rehearing Denied March 25, 1953.

Runge, Hardeman & Steib by Curt F. Steib, San Angelo, for appellant.

Upton, Upton, Baker & Griffis by P. B. Shannon, all of San Angelo, for appellee.

HUGHES, Justice.

Robert C. McBride, appellant and Zela Davies McBride, appellee, were divorced by judgment rendered in the court below on the 11th day of October, 1946. This appeal is from an order denying appellant's motion to modify that judgment.

The judgment modification sought by appellant was elimination of an apparent obligation to pay appellee one-third of his monthly income, but not to exceed $200.00 per month, until appellee remarried or until their son reached or would have reached the age of twenty-one years.

Two grounds were alleged for the relief sought: (1) that such payments were the equivalent of permanent alimony and hence the agreement to pay was void and (2) that conditions had so changed since the agreement was made as to require its cancellation.

The trial was nonjury. Findings of fact and conclusions of law were made and filed by the trial judge. The facts seem to be without dispute.

The original judgment awarded appellee a divorce and custody of the parties' child, Robert C. McBride IV, then four years of age, and provided:

"It is further Ordered, Adjudged and Decreed that a property settlement agreement entered into between the parties be ratified and approved and is made a part of this decree, and the defendant shall pay the sums of money therein specified, a copy of said agreement being filed herein."

The property settlement agreement was as follows:

"1st.

"The said Zela Davies McBride shall receive and own as her separate estate the following:

"(a) 1940 Chevrolet club coupe, and title certificate thereto is this day being assigned to her;

"(b) All house hold furniture, fixtures and equipment.

"All United States Government bonds standing in the name of either plaintiff or defendant shall be transferred to 'Robert C. McBride, IV, or Zela Davies McBride', as copayee.

"Life insurance policies on the life of Colonel Robert C. McBride in the amount of Ten thousand Dollars ($10,000) shall be made payable to Robert C. McBride, IV, if living, and if not, to any beneficiary to be designated by Colonel Robert C. McBride.

"2nd.

"The said Colonel Robert C. McBride, defendant in the above cause, agrees that the care, custody and control of Robert C. McBride, IV, shall be awarded to plaintiff, Zela Davies McBride, with the right, however, of defendant to see and visit said child at all reasonable times, and the said Colonel Robert C. McBride does agree, bond and obligate himself to pay in San Angelo, Texas, or in any town to be hereafter designated by plaintiff, the sum of One Hundred Dollars ($100.00) per month, commencing September 1, 1946, for the support, maintenance and education of Robert C. McBride, IV, such payments to continue until he reaches the age of seventeen (17) years, except in the event of remarriage of the plaintiff the amount shall be reduced to Fifty Dollars ($50.00) per month and except in the event of the death of the said Robert C. McBride, IV, prior thereto, which shall terminate this obligation.

"The said Colonel Robert C. McBride further agrees, binds and obligates himself to pay unto plaintiff, Zela Davies McBride, in San Angelo, Texas, or in any town designated by her, a sum equivalent to one-third of all his monthly income after the amount paid to Robert C. McBride, IV, has been deducted, but not to exceed Two Hundred Dollars ($200.00) per month, commencing September 1, 1946, for her support and maintenance and continuing until Robert C. McBride, IV, reaches the age of twenty-one (21) years, or, in the event of his death, such payments shall continue until he would have reached the age of twenty-one (21) years; or in the event of the remarriage of the said Zela Davies McBride, all such payments shall terminate on that date.

"3rd.

"The defendant shall receive and own all moneys, personal property and effects now in his possession, and the plaintiff shall have no interest therein."

The only witness on this trial was appellant who testified that he is a Colonel in the United States Army with a salary of $810.00 per month. That he has remarried since his divorce, has one child by his present wife and is expecting another.

Appellant further testified that at the time of the divorce suit he was on duty in the Phillipine Islands and that the only money or property which he then had, other than that described in the divorce proceedings, was four or five hundred dollars in cash,

clothing and personal effects; that the items mentioned and some books which his wife sent him were all that he received in the divorce settlement.

The trial court found:

"I find that the consideration for the execution of said contract was ample and sufficient, and that it is not contrary to law and is not against public policy and is not void, and was not intended as alimony."

and concluded that the settlement contract was valid and binding in all respects.

Regardless of what the parties may not have intended it is our opinion that the contract by its plain terms provides for the payment of alimony after the rendition of final judgment.

It is sometimes difficult to explain the obvious but we will try.

The settlement contract separately and distinctly provides: (1) That appellee shall have the car and household effects (2) that certain bonds shall be made payable to appellee and the child (3) that certain life insurance on the life of appellant shall be made payable to the child (4) appellant to have all money and personal effects in his possession (5) that appellee shall have custody of the child and appellant shall pay $100.00 per month for his support, maintenance and education until the age of 17 is reached; this amount to be cut in half upon remarriage and to terminate upon death of the child (6) appellee to receive, under the circumstances stated and then existing, $200.00 per month for her support and maintenance payable from appellant's monthly income for approximately 17 years terminable upon remarriage of appellee but to continue even though the boy died during such 17 year period.

This latter provision, which we hold to be in the nature of permanent alimony, has no connection with, is not payable from and is not referable to any property which either spouse may have owned or claimed. Nor does it purport to be for the support, maintenance and education of the son. It is by its own unmistakable language an agreement to support and maintain a divorced wife from the future earnings of a divorced husband.

We recognize the well established rule that property of either spouse, in a divorce proceeding, may be dedicated to the support of either spouse or the children of the marriage. Clark v. Clark, Tex.Civ. App., 35 S.W.2d 189 (Waco, writ dism.) and authorities there cited.

The divorce judgment or contract here, however, does not set aside any property or income therefrom for the support of appellee. Nor is there any suggestion or intimation in this record that appellant at the time of the divorce had any income other than his salary as a soldier.

It is true, as authorities cited by appellee show, that for assignment purposes future wages are considered to be property. 5 Tex.Jur. p. 14.

It is equally true that it is contrary to public policy for salaries of public officers to be assigned. Lewis v. Oates, 145 Tex. 77, 195 S.W.2d 123.

The point here, however, is that if future wages of an ex-husband may be subjected to the support of an ex-wife then the circuit has been completed and permanent alimony becomes an established reality despite our statutes and many court decisions to the contrary.

Not believing that permanent alimony can or should be engrafted upon our marital system by such backdoor reasoning we decline to hold that future wages are property or "the estate of the parties" within the meaning of Article 4638, Vernon's Ann.Civ.St.

Appellee stresses the voluntary nature of the agreement as making it immune from the statutory bar of permanent alimony.

There are at least two answers to this argument.

First and foremost is that the Court *has no jurisdiction* and is *without authority* to grant permanent alimony. Art. 4637, V.A.C.S., Pape v. Pape, 13 Tex.Civ.App. 99, 35 S.W. 479 (San Antonio, writ dism.), Ex parte Ellis, 37 Tex.Cr.R. 539, 40 S.W. 275; Boyd v. Boyd, 22 Tex.Civ.App. 200, 54 S.W. 380; Bond v. Bond, 41 Tex.Civ.App.

129, 90 S.W. 1128; Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; Ex parte Guinn, 121 Tex. 66, 41 S.W.2d 219; Jinks v. Jinks, Tex.Civ. App., 205 S.W.2d 816 (Texarkana); 27 C.J.S., Divorce, § 202, p. 884, 15 Tex.Jur. p. 649.

■ Jurisdiction of a court has been defined as follows:

"The jurisdiction of the court means the power or authority which is conferred upon a court, by the constitution and laws, to hear and determine causes between parties, and to carry its judgments into effect. It is a plain proposition, that a court has no power to do anything which is not authorized by law." Withers v. Patterson, 27 Tex. 491; and see 11 Tex.Jur. 714.

This character of jurisdiction cannot be conferred upon a court by consent of the parties. Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598, and see 11 Tex.Jur. p. 715.

In De Lange v. Cones, 215 Ind. 355, 19 N.E.2d 850, 852 in speaking of a judgment by confession the court said:

"A judgment by confession has all the qualities, incidents, and attributes of other judgments, but it cannot be valid unless entered in a court which might lawfully have rendered the same judgment in a contested case."

■ Secondly, the award of permanent alimony is against the public policy of this State. We quote from Cunningham v. Cunningham, supra [120 Tex. 491, 40 S.W. 2d 47]:

"It thus appears that it was originally the public policy of the Republic to confer authority on the district court to compel either spouse to provide the other with proper maintenance.

"After a brief time, the Congress enacted a change in the public policy of the Republic, disclosed by sections 8, 6, 13, and 4 of the Act of January 6, 1841, which have been continuously re-enacted in substance, and are now embodied in articles 4637, 4636, 4639, and 4638 [V.A.C.S.]"

■ Contracts which are against public policy are void and will not be carried into effect by the courts. 10 Tex.Jur. p. 190.

Despite these sound principles and harmonious authorities which, to us, seem to condemn the agreement—judgment in suit appellee contends that the following cases sustain its validity: Beam v. Southwestern Bell Tel. Co., Tex.Civ.App., 164 S.W.2d 412 (Waco, writ ref. w. o. m.) and Berg v. Berg, Tex.Civ.App., 115 S.W.2d 1171 (Fort Worth, writ dism.).

The Berg case sustained a judgment, in a divorce case, awarding the wife $17.50 per month for life for her support payable out of a pension of $59.50 per month received by the husband for his long service with a railroad, the last one-sixth of such service being after the marriage. The court treated this pension as a property right which could be set aside to either spouse under Art. 4638, V.A.C.S., and denied the contention that permanent alimony was awarded.

We do not consider this case to be in point because the right to the pension had become fully vested at the time of the divorce.

The Beam case has even less application. In September, 1937, Mrs. Beam sued her husband for divorce. Before judgment a contract was made by the parties in which Beam assigned a portion of his wages to be received from the telephone company to his wife for life or until she remarried. The judgment, later entered, was to the same effect except that it did not contain an assignment of the wages but only directed Mr. Beam to deposit a portion of his salary in the registry of the court. The telephone company was not a party to the contract or suit and had never made any payment to Mrs. Beam.

■ When Beam stopped paying Mrs. Beam she sued him and the telephone company. She prevailed against Beam but lost against the telephone company in the trial court. She alone appealed and complained that she should have recovered against the company. The judgment was affirmed on the ground that the contract

was merged in the judgment and there was no assignment of wages binding on the company. The question of alimony was not presented or discussed. The unappealed judgment of the district court cannot be considered by us as authority sufficient to overcome the public policy of this State regarding the allowance of permanent alimony.

There is no legal duty on the part of the husband to support a former wife by the payment of alimony and if there is a moral duty to do so this, alone, is insufficient consideration to support an executory promise. 10 Tex.Jur. p. 142.

In our opinion that portion of the divorce judgment decreeing permanent alimony to appellee is null and void since the court was wholly without power to so decree. Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916; Commander v. Bryan, Tex.Civ. App., 123 S.W.2d 1008 (Fort Worth); Donias v. Quintero, Tex.Civ.App., 227 S.W. 2d 252 (El Paso).

The judgment of the trial court is, therefore, reversed and judgment is here rendered vacating and annulling that portion of the judgment entered October 11, 1946, in Cause No. 16,076b, styled Zela Davies McBride v. Robert C. McBride in the District Court of Tom Green County, 119th Judicial District, awarding plaintiff therein a monthly sum not to exceed $200.00 per month commencing September 1, 1946, for a period of time not to exceed approximately 17 years for her support and maintenance.

On Motion for Rehearing

Appellee suggests that we should, in the event we adhere to our original opinion, reverse and remand rather than render judgment, this in order that the trial court may consider or reconsider its allowance of $100.00 per month for the maintenance, education and support of the minor.

Nothing which we have said or done in our original opinion was intended to interfere with and should not be construed as interfering with the continuing jurisdiction of the trial court to make proper orders concerning the welfare of the minor. If the present judgment is inadequate in this respect the trial court will, no doubt, upon application, modify the judgment or make such additional orders as the circumstances warrant.

The motion is overruled.