Joseph N. LODGE, Appellant,

v.

Dorothy M. LODGE, Appellee.

No. 11079.

Court of Civil Appeals of Texas.

Austin.

May 8, 1963.

Rehearing Denied May 29, 1963.

Moursund, Ball & Bergstrom, San Antonio, for appellant.

Rivera, Lee & Ritter, San Antonio, for appellee.

PHILLIPS, Justice.

Appellant and appellee, while still husband and wife, but having lived separate and apart for some time, executed a separation agreement on February 17, 1945. At the time of this agreement both parties were residents of Florida. The agreement, among other things, provided:

"Second: That said husband is to pay the said wife the sum of One Hundred ($100.00) Dollars per month for the support and maintainance of the said wife, on the first day of each and every month beginning with the first day of March 1945."

On June 1, 1945, appellant and appellee were divorced.

In 1947, appellee sued appellant in New York, the State of appellant's residence

at the time, to recover past due payments under the agreement. The suit was compromised and settled by another agreement between the parties. Under the new agreement appellee dismissed the suit she had filed in New York. This new agreement, among other provisions provided:

"First: The party of the first part does hereby agree to pay to the party of the second part, during her life, or until she remarries the sum of Fifty ($50.00) Dollars per month on the first day of each and every month. * * * The said payments are to commence as of the 1st day of August 1947."

Appellant complied with all of the provisions of the second agreement until June, 1960 at which time he ceased making the monthly payments.

Appellee filed this suit against appellant in San Antonio, Bexar County, Texas, the residence of the appellant, to collect the past due installments under the second agreement. The Trial Court rendered summary judgment for appellee and appellant has appealed from this judgment.

Appellee takes the position that the validity of the first contract is not in issue; that the second contract superseded the original separation agreement, is not void for want of consideration because such contract compromised a disputed claim which was then in litigation between appellant and appellee in the courts of New York; that there was further consideration in appellee's dismissal of her lawsuit pursuant to the terms of the second contract; that these two benefits were ample consideration for the new contract.

Appellant maintains that the Trial Court erred in sustaining the motion for summary judgment and entering judgment thereon for the reason that the undisputed facts show that this is a suit to enforce a contract for permanent alimony which is contrary to the public policy of the State of Texas and is void and unenforceable by a Texas Court.

Appellee has neither plead nor proved what the laws of Florida or New York are under the facts presented. Nor has she availed herself of Rule 184a, Texas Rules of Civil Procedure in requesting that judicial notice be taken of those laws as required by this rule—consequently it will be presumed that the law of Florida and New York is the same in respect to the facts presented as that of Texas. John Hancock Mut. Life Ins. Co. v. Stanley, Tex. Civ.App., 215 S.W.2d 416, no writ history.

It is well settled in Texas that an award of permanent alimony is against the public policy. This Court so held in the case of McBride v. McBride, Tex.Civ.App., 256 S.W.2d 250, no writ history, wherein the authorities were extensively reviewed and Articles 4637, 4638, Vernon's Civil Statutes were discussed as to the authority of the courts to divide property between the husband and wife by divorce proceedings.

It is also well settled in Texas that a contract that is against the public policy of the forum will not be enforced, even though the agreement may be valid under the law of the place where it was made. This Court so held in J. R. Watkins Co. v. McMullan et al., Tex.Civ.App., 6 S.W.2d 823, no writ history.

There is no doubt that the first agreement between the parties hereto made immediately prior to their divorce was an agreement for the husband to pay alimony to the wife for the rest of her life or until she should remarry. This contract would have been unenforceable in Texas under the rule announced in the McBride case, cited above.

Appellee contends that the second contract or new contract is the one to be considered by this Court inasmuch as the prior agreement has been superseded, that there is new consideration in that a prior disputed claim has been compromised. We cannot agree. It is necessary for appellee to prove the first illegal contract as part of her cause of action in presenting the second contract. We are asked to enforce

a contract, the consideration for which is an agreement to dismiss a suit brought to enforce a contract which in Texas is against public policy. The one rests upon the other, is a mere modification of the first contract and falls under the prohibition against alimony contracts announced above. See Southern Health Ass'n v. Harris Memorial Methodist Hospital, Tex.Civ.App., 180 S.W.2d 169, writ ref., w. o. m.

The facts of this case are not disputed. There would be nothing gained by a new trial. The judgment of the Trial Court is reversed and judgment is here rendered that appellee take nothing by this lawsuit.

Reversed and rendered.