**Garnet P. FRANCIS, Jr., Appellant,**

v.

**Anna Goldlustova FRANCIS, Appellee.**

**No. 5771.**

Court of Civil Appeals of Texas.

El Paso.

Sept. 28, 1966.

Rehearing Denied Oct. 19, 1966.

Doyle H. Gaither, El Paso, for appellant.

Gerald B. Shifrin, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

Appellant filed this suit seeking to set aside a portion of a property settlement

agreement, incorporated into a divorce decree, on the grounds that it was alimony and thus against public policy and void. We are of the opinion that the provision in question is in the nature of alimony.

Appellant and appellee were married in 1954 and divorced in 1959. The appellee wife obtained the divorce on her cross-action and was awarded the care, custody and control of the child of the marriage, and support and maintenance for the child in the amount of $150.00 per month. The appellant husband is a dentist and a Colonel in the United States Army Dental Corps. The parties entered into an agreement which provides in part:

"  *   *   *  and both parties there to being desirous of settling their community property rights in the event that a divorce is granted to either party, it is agreed by and between the parties hereto that they shall divide same as follows, no other agreement withstanding or to the contrary, this being the final and only agreement of the parties.

I.

"That in consideration of Cross-Plaintiff, Anna Goldlustova Francis' relinquishing any and all right, title and interest in and to the property of Cross-Defendant, Garnet P. Francis, Jr., the said Anna Goldlustova Francis is to have as her sole and separate property the sum of Fifteen Thousand Dollars ($15,-000.00) payable by Cross-Defendant, Garnet P. Francis, Jr., as follows: Seven Thousand Five Hundred Dollars ($7,-500.00) of said sum to be paid to the Cross-Plaintiff, Anna Goldlustova Francis as hereinafter set out regardless of her future marital status, and the balance of said Fifteen Thousand Dollars to be paid as hereinafter set out only if the said Cross-Plaintiff, Anna Goldlustova Francis remains single and unmarried, said total sum of Fifteen Thousand Dollars ($15,000.00) to be due and payable

from Cross-Defendant, Garnet P. Francis, Jr., to Cross-Plaintiff, Anna Goldlustova Francis, as follows: In monthly installments of Fifty Dollars ($50.00) per month each, first installment of which is due and payable on or before the 5th day of May, 1959, and like installments due and payable on or before the same date of each and every month thereafter until January 5, 1960, at which time said monthly installments shall increase to the sum of One Hundred ($100.00) Dollars per month each, and said sum of One Hundred Dollars ($100.-00) per month shall be due and payable on the 5th day of each and every month after the said 5th day of January, 1960, until the entire sum is fully and finally paid, said amount and indebtedness to be evidenced by one certain promissory note which is to be interest-free, containing the above terms."

The first $7,500.00 had been paid at the times the appellant husband brought this suit, seeking declaratory judgment that the $7,500.00 to be paid in the event that the wife remain unmarried is an agreement to pay alimony and is contrary to the law of the State of Texas and is void. From a judgment upholding the validity of the agreement and the judgment into which it was incorporated, the husband brings this appeal.

■  An award of permanent alimony is against public policy of this State and is void. McBride v. McBride, Tex.Civ.App., 256 S.W.2d 250; McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722; Lodge v. Lodge, Tex.Civ.App., 368 S.W.2d 40. The question here is whether the conditional $7,500.00 is in the nature of alimony, or whether it has some connection with and is referable to any property either spouse may have owned. Was this an award of alimony, or was it a division of the property of the marriage?

■  Before passing to the question posed, we should like to first dispose of

appellee's contention that the agreement is a "contract" and should be construed under the laws relating to contracts. We are of the opinion that the agreement was merged in the judgment, is the judgment of the court, and should be so construed. The court was required to divide the estate of the parties, and either it was done by its approval of this instrument, or it was not done. Article 4638 of Vernon's Ann.Tex. Stats. provides:

> "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

In passing on this article, the Supreme Court said:

> "Our community property system naturally affects our plan of property division upon a marriage dissolution. Under our laws, permanent alimony is not recognized, nor is a Texas court authorized to divest either spouse of his or her title to separate property, Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299, but the wife, in the main, must look to the community property for her share of the material gains incident to an ill-starred marriage." (McElreath v. McElreath, supra.)

■ In the judgment of divorce in the case at bar, the only reference to the properties of the parties is the recitation:

> "It further appearing to the Court that the parties hereto have arrived at a community property settlement agreement which the Court has examined and finds to be fair and reasonable and just, the Court hereby ORDERS it APPROVED and filed herewith."

Then, in its final declaratory judgment, from which this appeal is taken, the court said that the community property settlement agreement "was carried forward into the Final Judgment of this Court in cause No. 90029 and entered on May 5, 1959, and is a valid and subsisting Judgment." That statement is repeated in the Court's Conclusions of Law, and indicates that the trial court made the contract its judgment. The right of the parties to enter into enforceable contracts is recognized, but in a divorce suit they cannot ask the court to substitute such contract for its statutory duty without its becoming a judgment. The parties cannot avoid the command of the statute that the court "shall also decree and order a division of the estate of the parties", except that their agreement be treated as stipulations in lieu of other proof. Thus, we consider the present arrangement as a judgment based on stipulations, to be construed by the laws relating to judgments. Under the authorities noted above, it was a judgment which the court was without power to enter if it decreed alimony.

■■ In calling on the court to divide their estate in such a way as the court shall deem just and right, the parties did not list or set out any properties, but simply provided that the wife relinquished any and all right, title and interest in and to the property of the husband and, in return, was to have the note payable by him. In the present action, evidence was presented as to what the estate of the parties consisted, and the court found that at the time of the divorce they owned "miscellaneous personalty, including Two Thousand Five Hundred ($2,500.00) Dollars cash, furniture, crystal and china"; and the court found that the husband, as an Army lieutenant colonel during the four and one-half years of the marriage "did earn and become entitled to retirement benefits from the Retirement Pay Act of the United States Army and that this was community property of the parties at the time of the divorce." These findings are challenged by the appellant on the grounds that there is no evidence to support them or, in the alternative, insufficient evidence.

In passing on the "no evidence" points, we consider only that evidence favorable to the finding, and in passing on the "insufficient evidence" points, all of the evidence both pro and con is weighed. The evidence is clear that there was a bank account of some $2,500.00 at the time of the divorce. It is not so clear that they owned furniture, crystal and china, for the wife testified as to such in general terms, but could recall no specific items acquired during the time of marriage, while the husband was positive that all was acquired by him prior to marriage. There is some evidence to sustain this finding, and it cannot be said that the finding is against the great weight and preponderance of the evidence so as to require a reversal and remand. There is no evidence to sustain the finding as to accrued retirement benefits from the "Retirement Pay Act of the United States Army" and that this was community property of the parties. There is no evidence to explain what the "Retirement Pay Act of the United States Army" is, nor how its operates; whether it consists of a fund; who, if anyone, contributes; what or how much. In fact, there is no mention of any "Act" by name. The only evidence is the following by the husband:

"Q And during the time you were married to Anna Francis, did you acquire retirement benefits for those years?

A Would you explain this, what you mean by 'retirement benefits'. In the regular army you are supposed to put in thirty years, I mean this is the contract you have with the government, and you do have retirement at the end of that thirty year period.

Q All right, did you get credit for the time from 1954 through 1959 on your retirement?

A This is over all of my thirty years service, yes sir.

Q And that credit you did receive during the time you were married to this lady?

A Yes sir."

This is all of the evidence on this matter and, to our minds, it shows no vested right or property which could be a part of the estate of the parties within the meaning of Article 4638, and as same is defined by the Supreme Court in the late case of Herring v. Blakeley, Tex., 385 S.W.2d 843 (Jan. 1965).

■ Under the judgment of the court, then, the wife received the $15,000.00—$7,500.00 absolutely, and $7,500.00 if she did not remarry. The husband received the $2,500.00 bank account and some furniture and china. Since the statute says that the court should take into consideration the rights of the children in dividing the estate of the parties, it should be noted that, in addition to the child support payments of $150.00 per month, it was provided that the husband would keep in effect a $10,000.00 life insurance policy with the child of the marriage as beneficiary. We are constrained to hold that the $7,500.00 to be paid in the event that the wife did not remarry is alimony. From the record before us, it is obvious that such sum is to be paid monthly from the future earnings of the husband and, as said in the McBride case, supra, "it had no connection with, is not payable from and is not referable to any property which either spouse may have owned or claimed".

The judgment of the trial court is reversed, and judgment here rendered that that portion of the judgment of divorce in cause No. 90029, entered on May 5, 1959, which provides that Garnet P. Francis shall pay Anna Goldlustova Francis $7,500.00 in the event she shall remain single and unmarried, is void and unenforceable.